# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| ANGEL D. MENDEZ, SETH OGILVIE, ORI WASSERBURG, and NANCY DONACKI-THOMPSON, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>v .<br><br>OPTIMAL BLUE, LLC; BLACK KNIGHT, INC.; CONSTELLATION SOFTWARE, INC.; ROCKET MORTGAGE, LLC; UNITED WHOLESALE MORTGAGE, LLC; WELLS FARGO BANK, N.A.; JPMORGAN CHASE BANK, N.A.; LOANDEPOT.COM; BANK OF AMERICA, N.A.; FAIRWAY INDEPENDENT MORTGAGE CORPORATION; U.S. BANK NATIONAL ASSOCIATION; FREEDOM MORTGAGE CORPORATION; GUARANTEED RATE, INC.; NEWREZ, LLC; CROSSCOUNTRY MORTGAGE, LLC; PENNYMAC LOAN SERVICES, LLC; GUILD MORTGAGE COMPANY, LLC; CITIBANK, N.A.; FLAGSTAR BANK, N.A.; NATIONSTAR MORTGAGE, LLC; NEW AMERICAN FUNDING, LLC; CMG MORTGAGE, INC.; AMERISAVE MORTGAGE CORPORATION; BETTER MORTGAGE CORPORATION; FIRSTBANK; CHURCHILL MORTGAGE CORPORATION; FIRST COMMUNITY MORTGAGE, INC; MOVEMENT MORTGAGE, LLC; AND BEELINE LOANS, INC.<br><br>               Defendants. | Case No. 3:25-cv-01140<br><br>JURY DEMAND<br><br>District Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffrey S. Frensley |

## MEMORANDUM IN SUPPORT OF MOTION TO APPOINT SCOTT+SCOTT ATTORNEYS AT LAW LLP AND LOCKRIDGE GRINDAL NAUEN PLLP AS INTERIM CO-LEAD COUNSEL, AND HERZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL PLLC AS INTERIM LIAISON COUNSEL

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

LEGAL STANDARD ........................................................................................................ 3

ARGUMENT ...................................................................................................................... 4

    I.    Proposed Interim Co-Lead Counsel Have Spent Significant Time and Resources Investigating and Pursuing the Class's Claims and Will Continue to Do So ......... 4

    II.    Proposed Interim Co-Lead Counsel Have the Resources Necessary to Effectively Prosecute the Class's Claims ................................................................................. 6

    III.    Proposed Interim Co-Lead Counsel Have Extensive Experience in Class Action and Antitrust Litigation and Know the Applicable Law ......................................... 7

        A.    Scott+Scott ................................................................................... 9

            1.    Robin van der Meulen ............................................................... 10

            2.    Jimmy McBirney ...................................................................... 11

        B.    LGN .............................................................................................. 12

            1.    Kyle Pozan .............................................................................. 12

            2.    Brian D. Clark ......................................................................... 14

            3.    Arielle Wagner ........................................................................ 14

    IV.    Scott+Scott & LGN are Committed to the Development of Junior Attorneys and the Cultivation of a Diverse Case Team ............................................................. 15

    V.    Proposed Duties and Responsibilities for Interim Co-Lead Class Counsel .......... 16

    VI.    Appointment of Interim Liaison Counsel Will Benefit the Class ........................ 18

CONCLUSION .................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Bank of Am. Corp.*,
No. 14-cv-07126 (S.D.N.Y.) ................................................................................10

*Borozny v. RTX Corp., Pratt & Whitney Div.*,
No. 3:21-cv-01657 (D. Conn.) ............................................................................10

*D.H. v. Williamson Cnty. Bd. of Educ.*,
No. 3:22-cv-00570 (M.D. Tenn.) .........................................................................16

*Dahl v. Bain Cap. Partners, LLC*,
No. 08-cv-10254 (D. Mass.) ................................................................................10

*Frisch v. FCA U.S. LLC*,
2025 WL 1610430 (E.D. Mich. June 5, 2025) .......................................................6

*Gruscinski v. Wasserstrom Holdings, Inc.*,
2023 WL 5974635 (S.D. Ohio Sept. 14, 2023) ......................................................6

*Hiley v. CorrectCare Integrated Health, Inc.*,
2023 WL 2167376 (E.D. Ky. Feb. 22, 2023) .........................................................6

*In re Beef Antitrust Litig.*,
No. 0:19-cv-01129 (D. Minn.) .............................................................................15

*In re Broiler Chicken Antitrust Litig.*,
2021 WL 5709250 (N.D. Ill. Dec. 1, 2021) ...........................................................9

*In re Broiler Chicken Antitrust Litig.*,
No. 1:16-cv-08637 (N.D. Ill.) ....................................................................... *passim*

*In re Cattle & Beef Antitrust Litig.*,
No. 0:22-md-03031 (D. Minn.) ................................................................6, 7, 8, 13

*In re Cattle and Beef Antitrust Litig.*,
No. 0:20-cv-01319 (D. Minn. June 17, 2022) .........................................................8

*In re European Gov't Bonds Antitrust Litig.*,
No. 19-cv-02601 (S.D.N.Y) ...................................................................................9

*In re Facebook Inc. Derivative Litig.*,
No. 2018-0307 (Del. Ch.) ....................................................................................12

*In re Foreign Exchange Benchmark Rates Antitrust Litig.*,
No. 13-cv-7789 (S.D.N.Y) ........................................................................2, 7, 9

*In re Frozen Potato Products Antitrust Litig.*,
No. 1:24-cv-11801 (N.D. Ill.) ...............................................................................8

*In re Google Generative AI Copyright Litig.*,
No. 3:23-cv-03440 (N.D. Cal.) ............................................................................15

*In re GSE Bonds Antitrust Litig.*,
No. 19-cv-01704 (S.D.N.Y.) ..................................................................................9

*In re Novartis and Par Antitrust Litig.*,
No. 1:18-cv-04361 (S.D.N.Y.) .............................................................................10

*In re Potash Antitrust Litig. (II)*,
No. 1:08-cv-06910 (N.D. Ill.) .............................................................................13

*In re PVC Pipe Antitrust Litig.*,
No. 1:24-cv-07639 (N.D. Ill.) .........................................................................8, 12

*In re RealPage, Inc. Rental Software Antitrust Litig. (No. II)*,
3:23-md-03071 (M.D. Tenn.) ...........................................................................2, 18

*In re Turkey Antitrust Litig.*,
No. 1:19-cv-08318 (N.D. Ill.), ECF No. 1358 ................................................7, 12

*In re Valve Antitrust Litig.*,
No. 2:21-cv-00563 (W.D. Wash.) ...................................................................12, 13

*In re Wendy's Co. S'holder Derivative Action*,
44 F.4th 527 (6th Cir. 2022) ................................................................................4

*In re: Pork Antitrust Litig.*,
No. 0:18-cv-01776 (D. Minn.) ...................................................................2, 7, 12, 15

*Klein v. Meta, Inc.*,
No. 20-cv-08570 (N.D. Cal.) .................................................................................8

*Othart Dairy Farms. v. DFA*,
No. 2:22-cv-00251 (D.N.M.) .................................................................................8

*Smith v. Specialty Networks, LLC*,
2024 WL 4446504 (E.D. Tenn. Oct. 8, 2024) ............................................3, 5, 6, 8

*Tarvin v. Lindamood*,
No. 1:18-cv-00025 (M.D. Tenn.) .........................................................................16

iii

*Two Roads Shared Trust v. Wedbush Securities, Inc.*,
    No. 2023L009473 (Cook Cnty. Super. Ct. Ill.) ...................................................12

*Two Roads Shared Trust v. Wells Fargo Securities*,
    No. 650164/2024 (N.Y. Sup. Ct.) .....................................................................12

*United States v. Google, LLC*,
    Case No. 1:23-cv-108 (E.D. Va.)........................................................................11

**Other Authorities**

7B Charles Alan Wright, et al., Federal Practice and Procedure §1802.3 (3d ed.
    2005) ....................................................................................................................4

Fed. R. Civ. P. 23 ..................................................................................... *passim*

Manual for Complex Litigation §10.221 ............................................................16

## INTRODUCTION

This Court should appoint Interim Co-Lead Counsel and Interim Liaison Counsel for the Class. The proposed leadership team will promote the efficient and successful prosecution of this litigation through discovery, class certification, summary judgment, and trial. Plaintiffs Angel D. Mendez, Seth Ogilvie, Ori Wasserburg, and Nancy Donacki-Thompson respectfully request that this Court appoint Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Lockridge Grindal Nauen PLLP ("LGN") (collectively "Scott+Scott & LGN") as Interim Co-Lead Counsel to lead and coordinate all pre-trial proceedings in this litigation on behalf of the Class. Plaintiffs also request that this Court appoint Herzfeld, Suetholz, Gastel, Leniski, and Wall, PLLC ("HSGLaW") as Interim Liaison Counsel. This proposed leadership group will commit the resources, time, and talent necessary to advance this case to a just, efficient, and swift resolution. With skilled local counsel and experienced trial counsel, Scott+Scott & LGN are also prepared to progress to trial quickly, and their appointment will protect the interests of the Class by serving each of the four criteria set forth in Federal Rule of Civil Procedure 23(g)(3).

***First***, Scott+Scott & LGN extensively investigated Defendants' nationwide conspiracy to artificially inflate residential mortgage rates and mortgage servicing fees and filed the first and only class action complaint in this matter. Fed. R. Civ. P. 23(g)(1)(A)(i). Scott+Scott & LGN each spent hundreds of hours uncovering Defendants' unlawful price-fixing and information exchange conspiracy and collaborated with consulting experts regarding the impact of Defendants' unlawful conduct.

***Second***, Scott+Scott & LGN each have the willingness and ability to commit the time and resources necessary to zealously prosecute a case of this magnitude. They collectively employ over 200 attorneys in the United States and are committed to providing the necessary resources and

oversight to efficiently prosecute this case—indeed, they are already doing so. Fed. R. Civ. P. 23(g)(1)(A)(iv). Both firms have years of experience self-funding long and complex antitrust cases and possess ample financial resources to advance this action without litigation funding. If appointed as Interim Co-Lead Counsel, Scott+Scott & LGN will effectively prosecute and finance Plaintiffs' claims, as they have done in some of the largest antitrust cases in U.S. history.

*Third*, Scott+Scott & LGN have decades of experience leading complex antitrust class actions, have obtained some of the largest class action verdicts and settlements in history, and are well-regarded national firms with the respect of the bench and bar, including in this District. Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii). Both firms are at the forefront of the intersection of antitrust, finance, and tech, and the renewed prominence of anticompetitive information exchanges. *See, e.g.*, *In re RealPage, Inc. Rental Software Antitrust Litig. (No. II)*, 3:23-md-03071 (M.D. Tenn.) (Scott+Scott serves as co-lead counsel for class of tenants impacted by similar software to Optimal Blue); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) (LGN recovered over $284 million as co-lead counsel for a class of direct purchasers of chicken after filing an original, first-filed complaint that included allegations of the use of information sharing service Agri Stats by defendants); *In re Pork Antitrust Litig.*, 0:18-cv-01776 (D. Minn.) (LGN recovered over $180 million for a class of direct purchasers of pork who were harmed, among other means, through use of information-sharing service Agri Stats); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y) (Scott+Scott securing over $2.3 billion in settlements in case alleging conspiracy between and among major banks to fix the price of foreign exchange).

*Fourth*, Scott+Scott & LGN are committed to diversity and to the development of junior attorneys. As demonstrated by the legal team in this matter, Scott+Scott & LGN prioritize case teams that include attorneys from diverse backgrounds. Both firms have received accolades

recognizing their commitment to diversity.

As illustrated by the numerous cases highlighted below and in their respective declarations, Scott+Scott & LGN have successfully prosecuted large and complex antitrust actions, often with multiple defendants represented by elite defense firms (as is the case here). As a result of this experience, Scott+Scott & LGN each have a proven history of working efficiently and collegially in co-lead settings, including with each other. In combination with proposed Interim Liaison Counsel HSGLaW, Scott+Scott & LGN are prepared to litigate this case efficiently and effectively and progress quickly to trial.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointment of interim class counsel serves to "protect[] the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. Manual for Complex Litigation (Fourth) § 21.11 (2004).

Under Rule 23(g)(1)(A), courts consider the following criteria when deciding whom to appoint as interim class counsel:

  i.   the work counsel has done in identifying or investigating potential claims in the action;

  ii.  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

  iii. counsel's knowledge of the applicable law; and

  iv.  the resources that counsel will commit to representing the class.

*Smith v. Specialty Networks, LLC*, 2024 WL 4446504, at *1 (E.D. Tenn. Oct. 8, 2024) (quoting Fed. R. Civ. P. 23(g)(1)(A)). The Court may also "consider other matters pertinent to counsel's

3

ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), "including counsel's qualifications and experience, counsel's ability to work cooperatively with opposing counsel and the court, the nature of the causes of action alleged, the quality of the pleadings, and any prior agreements amongst the parties." *In re Wendy's Co. S'holder Derivative Action*, 44 F.4th 527, 533 (6th Cir. 2022) (citing Manual § 10.224). No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright, et al., Federal Practice and Procedure §1802.3 (3d ed. 2005) ("the rule also authorizes the court to take into account 'any other matter pertinent' to determining whether the attorney has the requisite ability to fairly and adequately represent the interests of the class"). Each Rule 23(g) factor—and relevant additional considerations—weighs strongly in favor of appointing Scott+Scott & LGN as Interim Co-Lead Counsel and HSGLaW as Interim Liaison Counsel.

## ARGUMENT

As detailed below and in the accompanying declarations, Scott+Scott & LGN are nationally recognized firms with decades of experience in complex litigation, particularly in antitrust cases. They have already made considerable progress in advancing this litigation and are best positioned to manage the litigation on behalf of Plaintiffs and the Class.

## I. PROPOSED INTERIM CO-LEAD COUNSEL HAVE SPENT SIGNIFICANT TIME AND RESOURCES INVESTIGATING AND PURSUING THE CLASS'S CLAIMS AND WILL CONTINUE TO DO SO

While no single factor under Rule 23(g)(1) "should necessarily be determinative" with respect to interim lead counsel appointments, *see* Fed. R. Civ. 23 advisory committee notes (2003), the early investigative, analytical, and procedural efforts of counsel in developing a case can be, and often is, a deciding factor:

4

In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

James Wm. Moore et al., Moore's Federal Practice §23.120(3)(a) (3d. Ed. 2007); *see also Specialty Networks*, 2024 WL 4446504, at *2 (appointing lead counsel who had identified, developed, investigated claims for the pending litigation and committed substantial time and resources to advancing the litigation.)

Scott+Scott & LGN performed extensive original work identifying, investigating, developing, and pursuing the claims alleged in the Complaint, efforts that resulted in the first and only complaint on file regarding these matters. This strongly weighs in favor of their appointment. *See* Fed. R. Civ. P. 23(g)(1)(A)(i) (listing "work counsel has done in identifying or investigating potential claims in the action" as the first factor in considering class counsel appointments). Attorneys at Scott+Scott & LGN have collectively devoted several hundred hours developing the claims alleged in the Actions. *See* Declaration of Robin van der Meulen in Support of Motion to Appoint Interim Co-Lead Counsel and Interim Liaison Counsel ("van der Meulen Decl."), ¶10; Declaration of Kyle Pozan in in Support of Motion to Appoint Interim Co-Lead Counsel and Interim Liaison Counsel ("Pozan Decl.") ¶5.

The work Scott+Scott & LGN did prior to filing the Complaint is evident from the robust allegations. Scott+Scott & LGN conducted thorough research (including review of scholarly articles, industry reports, governmental reports, and other publicly available data) to prepare and file a high-quality, fact-intensive complaint. Scott+Scott & LGN also conferred extensively with experts regarding Defendants' anticompetitive scheme and its impact. After filing the Complaint, Scott+Scott & LGN served all 29 defendants, conferred with defense counsel as they have made

5

their appearances, and negotiated and filed the Joint Motion and Stipulation Regarding Initial Case Management Deadlines, which the Court granted (ECF No. 79). *See van der Meulen Decl. ¶13; Pozan Decl. ¶7.*

Scott+Scott & LGN's extensive work identifying, investigating, bringing, and pursuing the claims puts them in the best position to fairly and adequately represent the proposed Class—and strongly weighs in favor of their appointment as Interim Co-Lead Class Counsel. Fed. R. Civ. P. 23(g)(1)(A)(i); *see also Specialty Networks*, 2024 WL 4446504, at *2 (considering that proposed interim class counsel had undertaken an extensive investigation of the matter and plaintiffs' legal claims); *Frisch v. FCA U.S. LLC*, 2025 WL 1610430, at *2 (E.D. Mich. June 5, 2025) (same); *Gruscinski v. Wasserstrom Holdings, Inc.*, 2023 WL 5974635, at *2 (S.D. Ohio Sept. 14, 2023) (same); *Hiley v. CorrectCare Integrated Health, Inc.*, 2023 WL 2167376, at *3 (E.D. Ky. Feb. 22, 2023) (same).

## II. PROPOSED INTERIM CO-LEAD COUNSEL HAVE THE RESOURCES NECESSARY TO EFFECTIVELY PROSECUTE THE CLASS'S CLAIMS

Scott+Scott & LGN each have well-established and successful practices and the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv) (listing "the resources that counsel will commit to representing the class" as a factor in considering appointment). Scott+Scott & LGN will dedicate the resources necessary to zealously represent the interests of the proposed Class, including through rigorous motion practice, discovery, class certification, and trial. As evidence of that dedication, Scott+Scott & LGN intend to self-fund this litigation, as is their typical practice. *See van der Meulen Decl., ¶23; Pozan Decl. ¶¶24-26. See also In re Cattle & Beef Antitrust Litig.*, No. 0:22-md-03031 (D. Minn.), ECF No. 1392, at ¶¶47-49 (Scott+Scott advancing over $8 million in out-of-pocket expenses to-date alongside its co-counsel); *In re Foreign Exch. Benchmark Rates*

*Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y.), ECF No. 939-2, (Scott+Scott advancing in excess of $5.3 million in out-of-pocket expenses); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, (N.D. Ill.), ECF No. 7233 at 26 (LGN incurring over $10 million in out-of-pocket expenses alongside its co-counsel); *In re Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill.), ECF No. 1358 at 2 (LGN incurring over $4.3 million in out-of-pocket expenses alongside its co-counsel); *In re: Pork Antitrust Litig.*, No. 0:18-cv-01776 (D. Minn.), ECF No. 2617 at 2 (LGN incurring over $4.5 million in out-of-pocket expenses alongside its co-counsel).

The firms' collective resources are not merely financial. Together, they offer extensive in-house litigation capabilities—including data scientists, IT specialists, e-discovery groups, and document management capacity—that will allow them to efficiently host, organize, and analyze the high volume of documents and data necessary to advance the Class's claims. *See* van der Meulen Decl., ¶24; Pozan Decl. ¶26. For example, in *In re Cattle and Beef Antitrust Litigation*, No. 22-md-03031 (D. Minn.), LGN handled the file management and ingestion of over 530 productions, and Scott+Scott & LGN together coordinated the review of over 3.7 million documents. In *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.), LGN managed the collection of 647 defendant productions and 277 third party productions and the review of over 8 million documents. *See* van der Meulen Decl., ¶24; Pozan Decl. ¶26. Scott+Scott & LGN will bring the same dedication and resources to this action.

III. **PROPOSED INTERIM CO-LEAD COUNSEL HAVE EXTENSIVE EXPERIENCE IN CLASS ACTION AND ANTITRUST LITIGATION AND KNOW THE APPLICABLE LAW**

Scott+Scott & LGN have extensive experience handling class action and antitrust litigation and deep knowledge of the applicable law, having led numerous antitrust (and other) class actions. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii); *see also Specialty Networks*, 2024 WL 4446504, at *1 (noting the case-specific experience and skills of the appointed co-lead counsel).

7

Counsel at Scott+Scott & LGN have a strong track record of working cooperatively and effectively in antitrust class actions over the last decade. Scott+Scott & LGN currently work together as part of the leadership teams for different classes in *In re Cattle and Beef Antitrust Litigation*, No. 22-md-03031 (D. Minn.), and *Klein v. Meta, Inc.*, No. 20-cv-08570 (N.D. Cal.), and together as co-lead class counsel of the same class in *Othart Dairy Farms. v. DFA*, No. 2:22-cv-00251 (D.N.M.), *In re PVC Pipe Antitrust Litig.*, No. 1:24-cv-07639 (N.D. Ill.), and *In re Frozen Potato Products Antitrust Litig.*, No. 1:24-cv-11801 (N.D. Ill.). van der Meulen Decl.¶¶14-15; Pozan Decl. ¶¶14-19. Indeed, in *Cattle and Beef*, Scott+Scott & LGN have helped lead coordination across all the various plaintiffs' groups—consisting of five separately represented classes and more than 40 opt-out plaintiffs—and with defendants. Magistrate Judge Bowbeer praised these efforts and the "general excellence" with which matters have been cooperatively handled:

> You have been just remarkable in your civility toward each other and your—and your dealings not only with me but also with my staff . . . . And so I don't think it would be improper for me to say that when I talk to the other judges or when I am out visiting with people in other districts, I brag on you and let them know how— just what a pleasure and a privilege it has been to work with you and to watch how you not only zealously represent your own clients but how you work with each other to make this case make sense going forward. It really embodies the spirit of Rule 1.[1]

Courts and mediators alike have praised the skill and commitment of Scott+Scott & LGN in representing clients in class action cases. For instance, renowned mediator Kenneth R. Feinberg concluded that Scott+Scott's efforts in *FX* "represent[ed] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career," and that Scott+Scott attorneys were "superlative, sophisticated, and determined plaintiff's lawyers." *See FX*, ECF No. 925 at 2; *id.*,

---

[1] van der Meulen Decl. Exhibit C, Transcript of Hearing at 41:20-42:13, *In re Cattle and Beef Antitrust Litig.*, 0:20-cv-01319 (D. Minn. June 17, 2022).

ECF No. 926, ¶29. Similarly, Judge Durkin complemented LGN and its co-counsel for the Direct Purchaser Plaintiff class in *Broiler* for their leadership and the high quality of their work, remarking that "[t]heir performance to date has been exemplary." *In re Broiler Chicken Antitrust Litig.*, 2021 WL 5709250, at *3 (N.D. Ill. Dec. 1, 2021); *see also id.* at *1.

The firms' résumés, attached as Exhibit A to the van der Meulen Declaration and Exhibit A to the Pozan Declaration, describe their experiences, expertise, and knowledge in the areas of complex class action litigation and antitrust litigation, which are also briefly summarized below.

### A. Scott+Scott

Scott+Scott is an international law firm with over 230 lawyers practicing in offices across the United States and Europe. The firm's largest offices are in New York, NY and San Diego, CA, with additional U.S. offices located in Connecticut, Arizona, Delaware, Nebraska, Ohio, Texas, and Virginia. Scott+Scott's practice focuses primarily on complex and class action litigation involving antitrust, securities, and consumer class actions, as well as derivative and other complex proceedings, in both state and federal courts. Scott+Scott's recent successes as lead counsel include some of the largest recoveries in antitrust class action history:

- *In re European Gov't Bonds Antitrust Litig.*, No. 19-cv-02601 (S.D.N.Y) (challenging manipulation in the market for European Government Bonds; settled for a total of $120 million);

- *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y) (securing over $2.3 billion in settlements in case alleging conspiracy between and among major banks to fix the price of foreign exchange);

- *In re GSE Bonds Antitrust Litig.*, No. 19-cv-01704 (S.D.N.Y.) (challenging manipulation in the market for bonds issued by Government-Sponsored Entities, *e.g.*, Freddie Mac and Fannie Mae; $386 million settlement);

- *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-07126 (S.D.N.Y.) (challenging price-fixing of the ISDAfix benchmark interest rate; case resulted in $504.5 million in settlements, for the third largest antitrust settlement of 2018 according to the American Antitrust Institute); and

9

- *Dahl v. Bain Cap. Partners, LLC*, No. 08-cv-10254 (D. Mass.) (challenging bid rigging and market allocation of leveraged buyouts by private equity firms; $590.5 million in settlements).

van der Meulen Decl., Exhibit A.

Scott+Scott's dedicated team of antitrust partners have built one of the nation's top plaintiffs' firms for antitrust actions. Our highly experienced attorneys have been recognized for being among the top lawyers by Lawdragon, Who's Who Legal, and Legal 500 in Antitrust Civil Litigation, and have received top Chambers antitrust category rankings. In addition, the American Antitrust Institute has recognized Scott+Scott for its innovative enforcement of antitrust laws on behalf of private plaintiffs in 2014, 2018, and 2020. *Id.*

Biographies for the two partners who will manage this case for Scott+Scott—Robin van der Meulen and Jimmy McBirney—are below. Biographies of additional team members Patrick McGahan and Michelle Conston are included in Exhibit A to the van der Meulen Declaration.

### 1. Robin van der Meulen

Robin van der Meulen has more than 15 years of antitrust litigation experience on behalf of both plaintiffs and defendants. On the plaintiffs' side, Ms. van der Meulen has led numerous antitrust class actions, including *In re Novartis and Par Antitrust Litigation*, No. 1:18-cv-04361 (S.D.N.Y.), where she successfully negotiated a $30M settlement for end-payer plaintiffs in a pharmaceutical pay-for-delay case, and *Borozny v. RTX Corporation, Pratt & Whitney Division*, No. 3:21-cv-01657 (D. Conn.), where she negotiated $26.5M in partial settlements for a class of aerospace engineers who were harmed by a no-poach scheme.

She is also a leader of the Antitrust bar, serving as the immediate past Chair of the New York State Bar Association's Antitrust Law Section and current Co-Chair of the ABA Antitrust Section's Insurance and Financial Services Committee. Lawdragon recognizes Ms. van der Meulen as one of the 500 Leading Global Antitrust & Competition Lawyers, and she is

recommended by Chambers, where peers have remarked that she "has great presence. She is deliberative, prudent, and smart." The Legal 500 has also recognized her for excellence in the field of Antitrust Civil Litigation and Class Actions, describing her as "persistent, persuasive, and well-respected by peers and opponents alike."

### 2. Jimmy McBirney

Mr. McBirney is a partner in Scott+Scott's San Diego office and works in the firm's Antitrust and Competition Practice. Prior to Scott+Scott, Mr. McBirney was a senior trial attorney at the United States Department of Justice, where he was part of the team that successfully pursued federal antitrust claims against Google in the Eastern District of Virginia for its anticompetitive monopolization of the advertising technology market in *United States v. Google, LLC,* Case No. 1:23-cv-108 (E.D. Va.). Outside of antitrust, Mr. McBirney has extensive complex litigation experience, having successfully defended hundreds of millions of taxpayer dollars against claims brought by large corporations represented by some of the nation's largest and most prestigious law firms, while also recovering taxpayer funds through affirmative counterclaims. He received the Justice Department's Special Commendation for Outstanding Service in the Civil Division for his successful trial work defending the government against excessive damages claims by the nuclear power industry and has tried more than a dozen criminal and civil cases to verdict. Mr. McBirney also spent several years at a large international law firm litigating complex commercial cases and was named an Attorney of the Year for Pro Bono Work by *California Lawyer Magazine* for successfully exonerating a wrongfully convicted person in a complex habeas corpus matter.

Mr. McBirney also serves as counsel in general commercial matters including *Two Roads Shared Trust v. Wells Fargo Securities*, No. 650164/2024 (N.Y. Sup. Ct.) (alleging breach of Futures Clearing Merchant (FCM) contract); and *Two Roads Shared Trust v. Wedbush Securities, Inc.*, No. 2023L009473 (Cook Cnty. Super. Ct. Ill.) (alleging breach of commodities give-up

agreement and settling on the eve of trial) and was previously part of the Scott+Scott co-lead counsel team litigating *In re Facebook Inc. Derivative Litigation*, No. 2018-0307 (Del. Ch.), which settled after the first day of trial.

### B.    LGN

LGN is a firm of approximately 60 attorneys based in Minneapolis, Minnesota, with other offices in Chicago, Illinois and Boston, Massachusetts. LGN has specialized in antitrust and other federal civil litigation for over 45 years. Pozan Decl. ¶10 & Exhibit A. In just the last decade, LGN and its colleagues have recovered billions of dollars for their clients and class members in national and international antitrust cases. *Id*. Kyle Pozan will lead the LGN team, and his credentials are provided below. LGN serves as co-lead counsel in other antitrust cases such as *In re Pork Antitrust Litigation*, No. 0:18-cv-01776 (D. Minn.), *In re Turkey Antitrust Litigation*, No. 1:19-cv-08318, *In re Valve Antitrust Litigation*, No. 2:21-cv-00563 (W.D. Wash.), and *In re PVC Pipe Antitrust Litigation*, No. 1:24-cv-07639 (N.D. Ill.). *See id.* ¶12.

LGN's antitrust attorneys are leaders in the field and have served in a variety of national leadership positions in the antitrust legal community, including on the Board of Directors of the American Antitrust Institute (AAI); the Committee to Support the Antitrust Laws (COSAL); the Antitrust Law Advisory Board of Strafford Publications; and the American Bar Association Antitrust Section committees.[2]

Biographies for the three LGN partners who will manage this case for LGN—Kyle Pozan, Brian Clark, and Arielle Wagner—are below. The biography of additional team member Olivia Levinson is included in Exhibit A to the Pozan Declaration.

### 1.    Kyle Pozan

---

[2] More about LGN and its attorneys can be found on the firm website: www.locklaw.com.

Kyle Pozan is a partner at LGN and is admitted to the state bar of Illinois. Mr. Pozan practices in the firm's antitrust and business litigation departments, where he takes active roles in nationwide class action cases in the agriculture, technology, and consumer products sectors. Mr. Pozan's representative antitrust cases include: *In re Cattle and Beef Antitrust Litig.*, No. 0:22-md-03031 (D. Minn.) (firm serving as interim co-lead counsel on behalf of the consumer indirect purchaser plaintiffs in an antitrust class action alleging the nation's largest beef producers conspired to fix the price of beef sold in the United States, and achieved a recovery of $87.5 million for the class to date); *In re Valve Antitrust Litig.*, No. 2:21-cv-00563 (W.D. Wash.) (firm serving as co-lead counsel for a class of video game publishers in an antitrust class action alleging that Valve monopolizes the PC game distribution market through its Steam platform); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) (firm appointed as co-lead counsel on behalf of the direct purchaser plaintiffs in an antitrust class action against broiler chicken producers, and achieved a recovery of $284 million for the class); *In re Potash Antitrust Litig. (II)*, No. 1:08-cv-06910 (N.D. Ill.) (firm appointed as co-lead counsel for the direct purchaser plaintiffs and achieved a recovery of $90 million for the class). Mr. Pozan's experience in these cases includes briefing and arguing dispositive motions, discovery motions, class certification motions, and *Daubert* motions, fact witness and expert depositions, and trial.

Mr. Pozan currently serves on the Editorial Board of the ABA Antitrust Magazine. He is also a member of The Sedona Conference, Working Group 1's Drafting Team on eDiscovery Implications of the Internet of Things, and was previously a member of The Sedona Conference, Working Group 1's Brainstorming Group on Possession, Custody or Control, as well as The Sedona Conference, Working Group 1's Brainstorming Group on Discovery and Preservation of

Data from the Internet of Things (IoT). He previously served as Co-Chair of the Corporate Practice Committee for the Chicago Bar Association's Young Lawyers Section.

### 2. Brian D. Clark

Brian D. Clark is a partner at LGN and co-chair of its antitrust practice group. Mr. Clark recently served as lead trial counsel to jury verdict for the class in *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) before Judge Thomas Durkin, a case that recovered $284 million for the class. Mr. Clark has led the charge in many recent agricultural antitrust cases, including price-fixing cases involving chicken, pork, beef, and turkey around the country. *See* Pozan Decl. Ex. A. Mr. Clark served personally as co-lead counsel in *In re Peanut Farmers Antitrust Litigation*, No. 2:19-cv-00463 (E.D. Va., which settled within 18 months of filing of the complaint, on the eve of trial, for $102.75 million and received an Outstanding Antitrust Litigation Achievement award from the American Antitrust Institute.

Mr. Clark is also a recognized e-discovery expert in the plaintiffs' bar. He is the founder and President of the Complex Litigation E-Discovery Forum, a plaintiffs' attorney e-discovery group with hundreds of members focused on e-discovery best practices and strategies. He leads LGN's e-discovery practice group, advises clients of all sizes on e-discovery matters, and previously taught e-discovery at the University of Minnesota Law School for five years.

### 3. Arielle Wagner

Arielle Wagner is a partner in LGN's Minneapolis office, practicing in the firm's class action group, where she represents consumers, small businesses, and tribes in antitrust, data breach, Indian law, and generative AI litigation. Ms. Wagner is a leader in several bar organizations, including serving as the Past President of the Minnesota Native American Bar Association, a Director of the National Native American Bar Association, and the Executive Committee of Twin Cities Diversity in Practice. Ms. Wagner was named a Minnesota Attorney of

14

the Year for her work on a pro bono appeal that resulted in overturning a conviction after an illegal stop. She has been named a Minnesota Rising Star by Super Lawyers each year since 2022, and has also been recognized by North Star Lawyer for her pro bono work. Ms. Wagner represents plaintiffs in a number of matters including *In re Cattle and Beef Antitrust Litigation*, No. 0:19-cv-01129 (D. Minn.); *In re Pork Antitrust Litigation*, No. 0:18-cv-01776 (D. Minn.); and *In re Google Generative AI Copyright Litigation*, No. 3:23-cv-03440 (N.D. Cal.).

## IV. SCOTT+SCOTT & LGN ARE COMMITTED TO THE DEVELOPMENT OF JUNIOR ATTORNEYS AND THE CULTIVATION OF A DIVERSE CASE TEAM

Scott+Scott, LGN, and HSGLaW consistently demonstrate a commitment to expanding opportunities for junior attorneys and ensuring its case teams include attorneys from a variety of backgrounds and experiences. Scott+Scott has been repeatedly recognized in Law360's Glass Ceiling Reports, which honors firms that "are demonstrating that the industry's gender diversity goals can turn into a measurable result, and boost the number of women at all levels of a law firm." Scott+Scott also demonstrates its commitment to diversity through its staffing. Scott+Scott's core team working on the instant action is largely made up of women and is led by Robin van der Meulen, who will be supported by antitrust associates Michelle Conston and Samara Trilling (admission pending).

LGN is committed to embracing and reflecting the diversity of the clients and community that it serves. Approximately fifty percent of LGN attorneys are women, and LGN's efforts in promoting gender diversity within the legal profession has earned the firm recognition from Working Mother and Law360. LGN's anti-racism resolution sets out the firm's vision and actions to further the firm's commitment to an inclusive work environment, legal profession, and society. A highlight of that resolution includes establishing a diversity, equity, and inclusion committee. The committee consists of professionals from across the firm, including firm leadership. The

15

committee meets regularly to monitor the firm's efforts at achieving a diverse and inclusive firm, and regularly shares with and sponsors educational opportunities and events for the firm.

A third of the attorneys at HSGLaW are women, three of whom are partners. All of the founding partners at HSGLaW are first-generation lawyers who collectively represent consumers, victims of civil rights violations, low-wage workers, and unions. Tricia Herzfeld, HSGLaW's lead named partner, also works to promote representation and inclusion in her community and through litigation. *See D.H. v. Williamson Cnty. Bd. of Educ.*, No. 3:22-cv-00570 (M.D. Tenn.) (Campbell, J.) (Ms. Herzfeld serves as counsel challenging Tennessee's transgender bathroom law) and *Tarvin v. Lindamood*, No. 1:18-cv-00025 (M.D. Tenn.) (Campbell, J.) (Ms. Herzfeld and Mr. Orlandi serve as counsel for a blind prisoner alleging failure to protect and other disability-related claims). In addition to countless cases advocating for the rights of marginalized communities, Ms. Herzfeld has been recognized for her community outreach. *See* Declaration of Tricia R. Herzfeld on Behalf of Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC ("Herzfeld Decl.").

## V.    PROPOSED DUTIES AND RESPONSIBILITIES FOR INTERIM CO-LEAD CLASS COUNSEL

If appointed, Scott+Scott & LGN will execute all duties and responsibilities of interim lead class counsel to effectively and efficiently resolve this litigation. These duties and responsibilities comport with the standards in the *Manual for Complex Litigation* and include: (1) presenting written and oral arguments to the Court; (2) communicating with other parties; (3) organizing discovery requests and responses; (4) examining deponents; (5) delegating specific tasks to other counsel as necessary; and (6) seeing that schedules are met. *See* MANUAL FOR COMPLEX LITIGATION §10.221.

More specifically, if appointed, Scott+Scott & LGN will:

- Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

- Conduct all pretrial, trial, and post-trial proceedings on behalf of all Plaintiffs and act as spokesperson for all Plaintiffs;

- Conduct or coordinate discovery on behalf of all Plaintiffs consistent with the Federal Rules of Civil Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

- Monitor activities of all Plaintiffs' counsel and implement procedures to ensure that schedules are met and unnecessary spending of time and funds are avoided by collecting from each firm regular time and expense reports in the form set forth by Interim Co-Lead Counsel;

- Make and collect assessments from some or all Plaintiffs' counsel for the purpose of paying the costs necessary to litigate the case;

- Negotiate with defense counsel with respect to settlement and other matters;

- Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by Plaintiffs;

- Consult with and retain expert witnesses for the Plaintiffs;

- Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

- Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by Defendants and non-parties (and production of documents by Plaintiffs), and implement advanced analytics for the efficient review of documents as appropriate;

- Coordinate and communicate as necessary with counsel for other parties in the litigations regarding any matters addressed in this Order in order to ensure efficient use of Plaintiffs', Defendants', and the Court's time;

- Ensure that all Plaintiffs' counsel and Plaintiffs are kept informed of the progress of this litigation as necessary; and

- Otherwise coordinate the work of Plaintiffs' counsel and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

Scott+Scott & LGN will pursue this matter in an efficient manner, including by establishing a time and expense reporting protocol for all counsel, which will be contained in a letter substantially in the form attached as Exhibit B to the van der Meulen Declaration.

## VI.  APPOINTMENT OF INTERIM LIAISON COUNSEL WILL BENEFIT THE CLASS

Scott+Scott & LGN request that this Court appoint HSGLaW as Interim Liaison Counsel. Lead named partner Tricia Herzfeld will serve as the primary attorney for the firm in this matter. Scott+Scott has worked closely with HSGLaW on several matters, including *In re RealPage*, pending before this Court. HSGLaW is well-known and has the experience necessary to assist Scott+Scott & LGN in efficiently coordinating Plaintiffs' communications with the Court and to otherwise aid in the prosecution of this case. HSGLaW attorneys have decades of experience litigating complex matters, including in leadership positions and as class counsel in many complex cases, antitrust cases, and consumer class actions across the country, and in this District. Herzfeld Decl. ¶2. HSGLaW attorneys also recognize the importance of strict adherence to the Local Rules, the individual guidelines and practice of each judge, and the Court's orders, as well as the importance of collegiality, coordination, the meet and confer process to resolve (or at least narrow) discovery disputes with minimal court involvement, and good faith efforts at potential settlement. *Id.* ¶9. They also maintain good relationships with defense counsel and have a history of acting cooperatively, professionally, and respectfully with others – even when the stakes have been very high. *Id.* ¶10.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Scott+Scott & LGN as Interim Co-Lead Counsel and Herzfeld, Suetholz, Gastel, Leniski, & Wall PLLC as Interim Liaison Counsel.

DATED: October 31, 2025

/s/ Tricia Herzfeld
Tricia R. Herzfeld (BPR #26014)
Anthony A. Orlandi (BPR #33988)
**HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: 615-800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

Robin A. van der Meulen*
Michelle Conston***
**SCOTT+SCOTT ATTORNEYS AT LAW
LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6443
rvandermeulen@scott-scott.com
mconston@scott-scott.com

Patrick J. Coughlin**
Carmen A. Medici*
Jimmy S. McBirney*
**SCOTT+SCOTT ATTORNEYS AT LAW
LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
jmcbirney@scott-scott.com

Patrick McGahan*
**SCOTT+SCOTT ATTORNEYS AT LAW
LLP**
156 South Main Street, P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com

Brian D. Clark*
Arielle S. Wagner*
Olivia T. Levinson*
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
aswagner@locklaw.com
otlevinson@locklaw.com

Kyle Pozan*
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 North Clark Street, Suite 700
Chicago, IL 60610
Telephone: (312) 205-8968
kjpozan@locklaw.com

*Admitted *Pro Hac Vice*
***Pro Hac Vice* Pending
****Pro Hac Vice* Forthcoming

*Counsel for Plaintiffs and the Proposed
Class*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true and accurate copy of the foregoing was filed on October 31, 2025, via the CM/ECF system, which will be served to all counsel of record on the case.

<u>/s/ Tricia Herzfeld</u>
Tricia Herzfeld