# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

ANGEL D. MENDEZ, SETH OGILVIE, ORI
WASSERBURG and NANCY DONACKI-
THOMPSON, Individually and on Behalf of All
Others Similarly Situated,

                        Plaintiffs,

v.

OPTIMAL BLUE, LLC; BLACK KNIGHT, INC.;
CONSTELLATION SOFTWARE, INC.;
ROCKET MORTGAGE, LLC; UNITED
WHOLESALE MORTGAGE, LLC; WELLS
FARGO BANK, N.A.; JPMORGAN CHASE
BANK, N.A.; LOANDEPOT.COM; BANK OF
AMERICA, N.A.; FAIRWAY INDEPENDENT
MORTGAGE CORPORATION; U.S. BANK
NATIONAL ASSOCIATION; FREEDOM
MORTGAGE CORPORATION; GUARANTEED
RATE, INC.; NEWREZ, LLC;
CROSSCOUNTRY MORTGAGE, LLC;
PENNYMAC LOAN SERVICES, LLC; GUILD
MORTGAGE COMPANY, LLC; CITIBANK,
N.A.; FLAGSTAR BANK, N.A.; NATIONSTAR
MORTGAGE LLC; NEW AMERICAN
FUNDING, LLC; CMG MORTGAGE, INC.;
AMERISAVE MORTGAGE CORPORATION;
BETTER MORTGAGE CORPORATION;
FIRSTBANK; CHURCHILL MORTGAGE
CORPORATION; FIRST COMMUNITY
MORTGAGE, INC; MOVEMENT MORTGAGE,
LLC; AND BEELINE LOANS, INC.

                        Defendants.

Case No. 3:25-cv-01140

JURY DEMAND

District Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Jeffery S. Frensley

## THE PARTIES' PROPOSED INITIAL CASE MANAGEMENT ORDER

### A.    BRIEF THEORIES OF THE PARTIES

**Plaintiffs' Position:** Plaintiffs seek to represent a class of persons who entered into a residential mortgage for their primary residence with one of the Loan Originator Defendants. Plaintiffs allege that Loan Originator Defendants entered into a scheme with Optimal Blue to cease competing and instead artificially inflate mortgage prices since at least 2019. Under the alleged scheme, Loan Originator Defendants regularly exchange competitively sensitive, non-public information and data on mortgage prices and fees with Optimal Blue using Optimal Blue's software arsenal connected to its Product and Pricing Engine, including Optimal Blue's "Competitive Analytics" and "Competitive Data License" tools ("Business Analytics Tools"). Optimal Blue, in turn, takes this granular, real-time data about every component of Loan Originator Defendants' residential mortgage prices and fees and puts it into its Business Analytics Tools. Optimal Blue's Business Analytics Tools allow Loan Originator Defendants to compare their mortgage prices with their competitors and collectively coordinate and maintain increases to mortgage prices. As a result, Plaintiffs and the class paid higher mortgage prices and fees than they would have paid in a competitive market.

**Defendants' Position:** Plaintiffs' Complaint contains several fundamental gating factual inaccuracies that must be remedied before this case proceeds to motion to dismiss briefing, including, but not limited to, the inclusion of parties that did not even use the at-issue Optimal Blue products to originate mortgages Plaintiffs allege wrongdoing exclusively with respect to Optimal Blue's Competitive Analytics and Competitive Data License products, which Plaintiffs refer to as "Business Analytics Tools." Compl. ¶ 4. As a core gating issue, most Defendants never licensed or used Competitive Data License or Competitive Analytics, and several Defendants have never used any

Optimal Blue product at all in connection with mortgage originations. Further, several Defendants are not "Loan Originator[s]" as that term is defined in the Complaint (though Plaintiffs do not specify which Defendants are "Loan Originator Defendants"). Optimal Blue provided Plaintiffs with a list of Defendants that never licensed or used Competitive Data License and Competitive Analytics and requested that Plaintiffs voluntarily dismiss those Defendants before this case moves to motion to dismiss briefing.

Further, this is not an algorithmic pricing conspiracy case. Optimal Blue does not operate a pricing algorithm. Competitive Analytics and Competitive Data License do not dictate or recommend prices. Instead, Competitive Analytics and Competitive Data License provide backward-looking, aggregated, anonymized, and de-identified data to certain mortgage loan originators and other users, including the U.S. Federal Reserve. Competitive Analytics and Competitive Data License do not forecast or predict future prices, nor do they suggest how mortgage loan originators should set prices nor otherwise make recommendations. Instead, they present data on what already has occurred in different markets across the United States. Each user of Competitive Analytics and Competitive Data License decides for itself how it will use that data. There is no agreement on prices or whether to use the software. There is no exchange of deanonymized or forward-looking data. Defendants deny any agreement to fix prices or engage in anticompetitive information sharing.

Plaintiffs propose amending their Complaint on or before February 23, 2026. Defendants do not oppose Plaintiffs amending their Complaint to voluntarily dismiss certain Defendants. If Plaintiffs continue to assert claims against Defendants that did not use Competitive Analytics and Competitive Data License, Defendants that did not purportedly use Optimal Blue products for mortgage origination, or Defendants that are not "Loan Originator[s]," Defendants anticipate

raising these issues again.

**B.  ISSUES RESOLVED**

1.  **Timing for Plaintiffs to Amend Their Complaint.** If Plaintiffs elect to amend the Complaint, Plaintiffs will do so by **February 23, 2026**.

2.  **Timing for Motion to Dismiss Opening Briefs.** The parties agree that Defendants will file opening motion to dismiss briefs by **April 9, 2026**. The parties have also agreed on page limits for motion to dismiss briefs, which are set forth below.

3.  **Limited Stay of Discovery.** The parties have agreed to a limited stay of discovery while motions to dismiss are pending. The parties will negotiate a Protective Order, Order on the Production of Electronically Stored Information and Paper Documents ("ESI Protocol"), and Expert Stipulation while the motions to dismiss are pending.

4.  **Answer Deadline.** If the motions to dismiss are denied in full or in part, then the parties agree that Defendants' answers will be due 45 days after the Court's ruling on the motions to dismiss.

5.  **Initial ADR Deadline.** The parties have agreed to make an initial attempt to resolve the litigation via settlement discussions on or before May 8, 2026.

**C.  ISSUES STILL IN DISPUTE**

1.  **Jurisdiction.** The parties dispute whether this Court has personal jurisdiction over Constellation Software Inc. and certain other Defendants. Plaintiffs contend that jurisdiction is proper under the asserted statutory bases. Defendant Constellation Software Inc. disputes jurisdiction and intends to pursue related motions, and certain other Defendants are determining whether they will also challenge jurisdiction and venue and reserve all rights.

2.  **Venue.** Defendant Constellation Software Inc. contends that venue is improper and anticipates seeking dismissal or transfer.

3.  **Plausibility of the Pleadings.** The parties dispute whether the operative Complaint states a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). Defendants contend that the Complaint fails to allege sufficient facts to state any claim upon which relief can be granted and anticipate filing a motion under Rule 12(b)(6). In addition, most Defendants never used Competitive Data License or Competitive Analytics, and several Defendants are not "Loan Originators" as defined in the Complaint; Defendants believe Plaintiffs should voluntarily dismiss those Defendants. If they do not, those Defendants intend to file one or more motion(s) to dismiss raising these issues and to seek other appropriate relief. Plaintiffs contend the Complaint states plausible claims for relief and that Defendants' reading of the Complaint's allegations is overly narrow. Plaintiffs further dispute that Defendants' denial of factual allegations in the Complaint, such as the manner in which Defendants used

Optimal Blue's software, is a valid basis for challenging the sufficiency of the Complaint on a Rule 12(b)(6) motion and assert that any factual deficiencies can be remedied in an amended complaint once substantiated.

4.  **All Other Substantive Issues.** Apart from the sufficiency of the pleadings, all other substantive and procedural issues—including class certification, liability, damages, defenses, and any other matters arising during discovery—remain unresolved and contested. Those issues will be addressed as the case proceeds.

5.  **Scheduling and Discovery Issues.** The parties have a disagreement on how extensive the initial case schedule should be and limited the extent to which they should be required to engage in further discovery while motions to dismiss are pending. These disputes fall into two general categories.

    a.  First, while the motions to dismiss are pending, Plaintiffs request that the Court order the parties to exchange initial disclosures and meet and confer to negotiate a stipulated proposed Order Regarding Search Methodology for Electronically Stored Information ("Search Methodology Order"), which, in conjunction with the ESI Protocol, will govern how the parties search for and produce responsive documents. Plaintiffs contend that exchanging initial disclosures is a relatively low burden and receiving the information in those disclosures, as well as having an order in place regarding search methodologies, will allow Plaintiffs to more efficiently address any factual errors that might exist in the complaint, and would facilitate moving quickly to discovery upon a ruling on a motion to dismiss. Defendants believe that such discovery is burdensome and premature at this phase of the case because the case should be dismissed in its entirety and at the very least, most Defendants should be dismissed, and discovery issues can be better handled after the scope of the case, including which Defendants remain, is set through motion to dismiss rulings, if it survives dismissal. Further, Defendants note that there is a substantial cost in negotiating discovery orders (tens of thousands of dollars will be spent on negotiating each proposed order, and even more in attorneys' fees for briefing if there are any disputes), which could be completely avoided if one or more Defendants are dismissed.

    b.  Second, Plaintiffs request that the Court set a comprehensive case schedule through trial. Defendants believe that such a schedule is premature because the scope of the case and number and identity of Defendants remains uncertain, and a full schedule can be better addressed through the typical Rule 26(f) report and Rule 16(b) conference process after a motion to dismiss ruling, if the case survives dismissal.

## D. PLEADINGS

**Parties' Joint Position:**

1.      As set forth in Section K herein, the parties propose the following Motion to Dismiss briefing schedule:

| Event | Proposed Date |
|---|---|
| **Plaintiffs to File Amended Complaint** | February 23, 2026 |
| **Motion to Dismiss Opening Briefs** | April 9, 2026 |
| **Opposition Briefs** | May 26, 2026 |
| **Reply Briefs** | June 16, 2026 |

2.      The parties further propose the following page limits for a consolidated Rule 12(b)(6) motion: 40 pages for the opening brief; 40 pages for the opposition brief; and 20 pages for the reply.

3.      For motions to dismiss briefs, raising additional grounds for dismissal on behalf of one or more Defendants, the parties propose the following page limits: 10 pages for the opening briefs; 10 pages for the opposition briefs; and 7 pages for the reply briefs.

4.      Defendants must file their answers to the Complaint within **45 days** of the Court's decision on the motions to dismiss (should the Court substantially deny or deny the motions in full). If the Court grants a motion to dismiss with leave to amend, the parties will meet and confer regarding the need for a new proposed case management order after Plaintiffs file their amended Complaint.

**Plaintiffs' Additional Position:**

1.      Any motions to amend or to add parties shall be filed by no later than **March 7, 2028** This deadline does not impact the parties' rights to amend their pleadings as of right under the Federal Rules.

2.      Any motion that seeks to amend or supplement the pleadings with the Court's permission must include a redline version reflecting the changes contained in the proposed pleading. Such motions must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion(s).

3.      The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile.

**Defendants' Additional Position:**

1.     At this stage of the proceedings, Defendants respectfully submit it is premature to set other deadlines concerning the pleadings. If the Court is inclined to set a full case schedule now, Defendants believe that is it improper to permit Plaintiffs to amend their complaint to add new parties *the same day* that they file a motion for class certification.

## E.    INITIAL DISCLOSURES

**Plaintiffs' Position:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 8, 2026**.

**Defendants' Position:** The parties have a fundamental disagreement over the scope of the allegations in the Complaint and the challenged conduct. Thus, it is premature to exchange disclosures regarding claims or defenses when the scope of the claims and the identity of the Defendants is uncertain. Defendants are very large organizations with thousands of employees and extensive, complex systems where potentially relevant documents and data may reside. The work required to prepare initial disclosures is substantial, especially under Plaintiffs' overly-expansive view of the Complaint. Further, any work on initial disclosures undertaken by Defendants at this time will be wasted if the Court grants Defendants' motions to dismiss, even in part. Therefore, Defendants respectfully propose that the parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) 28 days after the resolution of the motions to dismiss if any portion of Plaintiffs' then-operative Complaint survives dismissal.

## F.    CASE RESOLUTION PLAN AND JOINT ADR REPORTS

**Plaintiffs' Position:**

1.     The parties shall engage in a good-faith settlement effort no later than **May 8, 2026**.

2.     The parties will be required to engage in multiple good faith mediations or case resolution efforts every six months.

3.      Nothing in this Order shall prevent the parties, or a subset of the parties, from engaging in additional mediation or settlement conferences with the aim of resolving the claims in this case.

4.      The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution.

**Defendants' Position:**

1.      The parties shall make no fewer than two different attempts to resolve the case and are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. The first attempt shall occur no later than 120 days from the initial case management conference (i.e., May 8, 2026), and the second attempt shall occur before the deadline for filing dispositive motions.

2.      By no later than ninety (90) days after the Court's ruling on Defendants' motions to dismiss, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR.

3.      An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for filing dispositive motions.

4.      Defendants do not believe that filing status reports regarding settlement efforts are appropriate and may inhibit the parties' efforts to reach settlement.

5.      To expedite resolution of proceedings and inform absent class members of their rights in a timely fashion, Plaintiffs and a settling Defendant must move for approval of that class settlement within 30 days of Plaintiffs and that settling Defendant reaching an agreement in principle to settle with Plaintiffs.

**G.      FACT DISCOVERY**

**Parties' Joint Position:**

1.      The parties agree that discovery should be stayed while the motions to dismiss are pending.

2.      While the motions to dismiss are pending, the parties will meet and confer to negotiate a stipulated proposed Protective Order, ESI Protocol, and Expert Stipulation.

3.      The parties shall submit a proposed Protective Order, ESI Protocol, and Expert Stipulation on or before **June 26, 2026**. If the parties cannot agree on any of these orders, they shall submit competing proposed orders accompanied by a joint letter brief of no more than 10 pages per proposed order on **June 26, 2026**.

**<u>Plaintiffs' Additional Position</u>:**

As required by the Court, Plaintiffs propose the following procedure and schedule for fact discovery. This schedule presumes the Court enters an order largely denying the motions to dismiss on or before **September 1, 2026**. If the Court enters an order largely denying the motions to dismiss after September 1, 2026, or if the Court grants a motion to dismiss with leave to amend, the parties will meet and confer regarding the need for a new proposed case management order after Plaintiffs file their amended Complaint.

1.   No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

2.   Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all discovery disputes. All discovery-related motions shall be filed by no later than **February 21, 2028**. Before any party can file a discovery-related motion, counsel for each affected party SHALL engage in an in-person (face-to face) conference to resolve the discovery issue in good faith. At least one counsel for a party shall attend in person, but other counsel for a party may participate via telephone or video conference. If the discovery dispute is not resolved at the in-person conference, those attorneys who participated in the conference must file the following:

    a.   A certificate of the attorneys who participated and the duration of the in-person meet and confer;

    b.   A motion for a discovery conference; and

    c.   A joint discovery dispute statement that must comply with Local Rule 37.01(b), except that the joint discovery dispute statement is limited to 10 pages.

3.   Fact discovery must be commenced in time to be completed on or before **February 7, 2028**. Privilege log procedures shall be governed by the Protective Order. To facilitate the scheduling and taking of depositions and the briefing of class certification, the Court also establishes the following interim deadlines for the production of documents and data:

    a.   The production of structured data shall be complete by **January 6, 2027**. Defendants shall each produce a sample of their structured databases by no later than **October 6, 2026**, and shall promptly meet and confer with Plaintiffs, including answering reasonable and proportionate questions

about the form and contents of the structured data and any perceived deficiencies therein, in order to facilitate the timely production of an agreed upon scope of structured data by **January 6, 2027**.

b. The party receiving the structured data shall raise initial questions regarding the production by **March 8, 2027**, but shall not be precluded from raising additional questions regarding the production after that date. The party producing the structured data shall provide comprehensive answers to any questions regarding the structured date production within 30 days of receipt. Further questions may be asked and answered in a reasonably prompt period.

c. A responding party shall begin rolling productions of custodial documents in response to the first sets of requests for production of documents within **30 days** after substantial completion of the meet-and-confer process on the requests, custodians, sources, search methodology, and date ranges, and in and in any event no later than **November 10, 2026** or the requesting party may raise any related disputes with the Court, subject to the provisions of Section H(2). No less than every 30 days thereafter, the producing party shall make rolling productions of all documents identified to date as responsive and non-privileged.

d. A responding party shall begin rolling productions of documents from non-custodial sources in response to requests for production of documents by **November 10, 2026**, or within **60 days** of receipt, whichever is later. No less than every 30 days thereafter, the producing party shall make rolling productions of all documents identified to date as responsive and non-privileged.

e. Defendants will prioritize the production of documents from five Priority Custodians per Defendant and will complete the production for such Priority Custodians by **January 5, 2027**. Each party will notify all parties when they have completed, to the best of their knowledge, productions for any given custodian.

f. The parties must substantially complete their document productions in response to the first sets of requests for production of documents by **March 8, 2027**.

4. Limitations on Written Discovery:

a. Interrogatories: Interrogatories will be counted in accordance with Fed. R. Civ. P. 33(a)(1). The parties must coordinate efforts and each side must avoid serving duplicative or unduly burdensome interrogatories.

i. Plaintiffs: Plaintiffs may jointly serve 25 interrogatories on each Defendant. Plaintiffs may serve an additional 5 interrogatories on

any individual Defendant; provided however, that these additional interrogatories may only relate to issues specific to the Defendant receiving the interrogatory.

ii.   <u>Defendants</u>: Defendants may jointly serve 25 interrogatories on each of the individual named Plaintiffs, but no more than 50 unique interrogatories across all named Plaintiffs.

iii.   Any party may request an enlargement of these limits for good cause.

b.   <u>Document Requests</u>: Consistent with Fed. R. Civ. P. 34, there shall be no limits on the number of requests for production that the parties may serve. Each side must endeavor to jointly serve their requests where there is overlap. Plaintiffs may direct their requests to all Defendants or, for any discrete issues, to individual Defendants. Defendants may direct their requests to all Plaintiffs or, for any discrete issues, to an individually named Plaintiff. No rights, obligations, or objections available by the Federal Rules of Civil Procedure are modified by this section. The parties are reminded that Fed. R. Civ. P. 34(b)(2) requires a responding party to "state with specificity the grounds for objecting to the request, including the reasons" and that the objection "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Boilerplate or general objections that do not clearly communicate whether and to what extent the scope of the response is more limited than the scope of the request do not meet these criteria.

c.   <u>Requests for Admission</u>:

i.   The parties will meet and confer in good faith to determine if a process for a stipulation and/or a deferred Rule 30(b)(6) deposition can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). The parties agree to the presumption that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary. For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

<ol type="1" start="1">
<li>Requests for admission to establish the authenticity of documents, the admissibility of documents, or both may be served after the close of fact discovery.</li>
</ol>

<ol type="i" start="2">
<li>With respect to requests for admission not pertaining to the evidentiary issues addressed in the prior paragraph, all parties must endeavor to coordinate to ensure that any such requests do not cause unnecessary duplication. With respect to such non-evidentiary issues:</li>
</ol>

<ol type="1" start="1">
<li>Plaintiffs may jointly serve 30 requests for admission on each Defendant.</li>
<li>Defendants may jointly serve 30 requests for admission on each Plaintiff, but no more than 60 unique requests for admission across all named Plaintiffs.</li>
<li>Requests for admission must be served no later than 90 days before the close of fact discovery, except for requests to establish the authenticity of documents, the admissibility of documents, or both.</li>
</ol>

5. Depositions:

    a. <u>Deposition Protocol</u>: Depositions shall be governed by the Order for Deposition Protocol.

    b. <u>Plaintiffs</u>:

        i. Plaintiffs collectively may take, per Defendant, no more than 10 Rule 30(b)(1) depositions of no more than seven hours each, plus a maximum of 28 hours to be allocated for additional Rule 30(b)(1) depositions, provided, however, that each such additional deposition will count for a minimum of four hours, and no such additional deposition may exceed seven hours in length. Depositions of non-parties, including any deposition of a former employee of a Defendant who is not made available for deposition by that Defendant, will not count toward this limit.

        ii. Plaintiffs collectively may take one Rule 30(b)(6) deposition of no more than 14 hours (but not exceeding seven hours in a single day, absent agreement of the parties) of each Defendant, regardless of the number of designees identified to testify.

c. <u>Defendants</u>:

    i. Defendants collectively may take one Rule 30(b)(1) deposition of no more than seven hours each per individual Plaintiff.

d. <u>Employees and Former Employees of a Party</u>: A Rule 30(b)(1) deposition of an individual who has been employed by more than one party will count as a deposition of the party for which that employee or former employee worked the most number of days during the relevant period. If a party is aware of any individual noticed for deposition who has been employed by more than one party, and the noticing party's counsel has not expressed their knowledge of this fact, the party shall make this fact known upon receipt of a deposition notice for such individual.

e. <u>Non-Parties</u>:

    i. Each side shall be allowed 45 depositions of non-parties of no more than seven hours each.

    ii. If Plaintiffs or Defendants cross-notice a non-party for deposition, the parties shall meet and confer regarding the division of time among the parties. The parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition. There shall be no presumption that the first noticing party shall have any preference regarding allocation of time simply by virtue of the timing of its notice.

f. Each side reserves their respective rights to seek additional depositions, or additional time for depositions, beyond the limits herein, for good cause shown, and each reserves their rights to oppose such requests.

6. <u>Non-Party Subpoenas</u>:

a. Absent good cause to the contrary, all non-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. In no event shall non-party subpoenas be served after **December 22, 2027**.

b. Plaintiffs and Defendants must give each side notice of the issuance of a non-party subpoena. Such notice must be given at least **three business days** in advance. Plaintiffs and Defendants must exchange all non-party productions within **14 days** of receipt of the productions or at least **14 days** before the deposition of the producing non-party, whichever is earlier.

**Defendants' Additional Position:**

1.     Plaintiffs' extended discovery schedule is premature. The parties have agreed to stay discovery while motions to dismiss are pending, and the parties have not yet held a Rule 26(f) conference to meet and confer on discovery issues. The parties have also agreed to negotiate stipulated orders that will govern discovery if discovery goes forward after a motion to dismiss rulings. Once the Court rules on the motions to dismiss, the parties can meet and confer regarding what discovery (if any) is necessary and a schedule for completing such discovery. Moreover, the deadlines that Plaintiffs set forth above and in Section M below, for discovery assume a ruling on contested motions to dismiss by the Court by early September. Plaintiffs presume that Defendants will begin rolling document productions within a month of a ruling on motions to dismiss. It will not be possible for the parties to complete meet-and-confers concerning custodians, non-custodial sources, and search terms, collect documents, and start document review within 30 days of motion to dismiss rulings. The better course is for the parties to determine the scope of the litigation after motion to dismiss rulings and then address discovery in light of the Court's guidance and the remaining scope of the case, if it survives dismissal. Finally, Plaintiffs' discovery proposals are more appropriately addressed when negotiating the forthcoming discovery orders and stipulations. The Court should not prejudice those negotiations by agreeing to Plaintiffs' opening proposals on rolling productions, priority custodians, written discovery limits, and deposition numbers now. And Plaintiffs' specific proposals regarding discovery parameters and limits are one-sided, inequitable, and unreasonable.

2.     In addition, the parties have two narrow disputes on the discovery efforts that should take place while motions to dismiss are pending.

    a.     First, Plaintiffs propose that the parties serve their initial disclosures on May 8, 2026, which falls in the middle of motion to dismiss briefing. Defendants respectfully submit that exchanging initial disclosures before the operative pleadings have been filed is wasteful and overly burdensome to the extent the substantive amendments to the Complaint impact the scope of disclosures. Moreover, exchanging initial disclosures prior to motion to dismiss rulings is premature. Among other things, those initial disclosures must include Defendants' relevant insurance policies and an accounting of how Plaintiffs will compute damages. Insurance coverage and damages calculations will depend on what, if any, causes of action survive dismissal. Accordingly, initial disclosures should be served after a ruling on the forthcoming motions to dismiss.

    b.     Second, Plaintiffs propose negotiating a proposed order concerning the search methodologies that Defendants will utilize to review and produce documents ("Search Methodology Order") before the Court rules on the forthcoming motions to dismiss. That too is premature and wasteful. It is not possible for the parties to negotiate these discovery orders before they know the scope of the case (if any) that will be proceeding to discovery or

before they have a sense of the discovery that the parties are seeking. The parties can establish a schedule for negotiating these orders as a part of their Rule 26(f) Report after a ruling on the forthcoming motions to dismiss. As discussed above, the Defendants have agreed to negotiate other discovery protocols while any motions to dismiss are pending.

## H.     ADDITIONAL DISCOVERY ORDERS

**<u>Plaintiffs' Position</u>:**

1.     The parties will meet and confer to negotiate a stipulated proposed Search Methodology Order by **June 26, 2026**. The parties will submit the proposed stipulated order—or if no agreement is reached, competing proposed orders accompanied by a joint letter brief of no more than 10 pages per proposed order—by **June 26, 2026**. Just like a Protective Order and ESI Protocol, a Search Methodology Order can be negotiated while a motion to dismiss remains pending. A Search Methodology Order details the parties agreements on topics like de-duplication, email threading, and the procedure for negotiating keywords or the parameters of a TAR search process. Contrary to Defendants' assertion, the actual minutiae that the parties need to negotiate—for example, negotiating search terms—takes place after the Court enters a Search Methodology Order. Moreover, nothing in a Search Methodology Order requires a producing party to select a particular search methodology at the time the parties negotiate a Search Methodology Order.

2.     The parties will meet and confer to negotiate a Deposition Protocol by **October 7, 2026**. If the parties cannot agree on a Deposition Protocol, they shall submit competing proposed Deposition Protocol accompanied by a joint letter brief of no more than 10 pages on **October 7, 2026**.

**<u>Defendants' Position</u>:**

1.     The parties have agreed to negotiate a Protective Order, ESI Order, and Expert Discovery Stipulation while the motions to dismiss are pending.

2.     Defendants dispute the necessity of negotiating a Search Methodology Order while motions to dismiss remain pending. While such an order may be necessary if the forthcoming motions to dismiss are denied, negotiating the minutia of discovery search methodologies is unnecessary at this early stage of the case and not workable given the scope of the case and that the number and identity of Defendants are uncertain. Further, particularly as to search methodologies, the parties' positions will be informed by the scope of discovery (if any) that proceeds after rulings on the motions to dismiss. There is no need for the Parties to rush decisions on these aspects of discovery, which will not occur for several months (if ever).

## I. CLASS CERTIFICATION, RULE 26(A) EXPERT DISCLOSURES, EXPERT DISCOVERY, AND *DAUBERT* MOTIONS

**Plaintiffs' Position:**

1. Plaintiffs must file and serve their opening motion for class certification on or before **March 7, 2028**. In addition, all parties must serve all expert reports on issues on which they have the burden of proof (including class and merits issues) ("Opening Reports") on or before **March 7, 2028**.[1]

2. Defendants must file and serve their opposition to Plaintiffs' motion for class certification on or before **July 5, 2028**. In addition, all parties must serve opposition expert reports ("Rebuttal Reports") on or before **July 5, 2028**. Finally, all parties must file and serve any *Daubert* motion seeking to exclude expert opinions pertaining to an Opening Report on or before **July 5, 2028**.

3. Plaintiffs must file and serve their reply in support of their motion for class certification on or before **October 3, 2028**. In addition, all parties must serve reply expert reports ("Reply Reports") on or before **October 3, 2028**. Finally, on or before **October 3, 2028**, all parties must also file and serve: a) any *Daubert* motion seeking to exclude expert opinions pertaining to a Rebuttal Report; and b) any opposition to a *Daubert* motion pertaining to an Opening Report.

4. On or before **December 4, 2028**, all parties must file and serve: a) any opposition to a *Daubert* motion pertaining to a Rebuttal Report; and b) any reply in support of a *Daubert* motion pertaining to an Opening Report.

5. On or before **January 4, 2029**, all parties must file and serve any reply in support of a *Daubert* motion pertaining to a Rebuttal Report.

6. Expert depositions regarding an expert's opinions for an Opening or Rebuttal Report shall be conducted within **30 days** of service of the respective report, unless otherwise agreed upon in writing by the parties.

7. All expert material, including back-up data, relied upon in any expert report must be produced no later than **three business days** after service of the expert report, unless otherwise agreed upon in writing by the parties.

8. A hearing on class certification and *Daubert* motions will be held in **October 2028**, if necessary and subject to the Court's availability (*see* Local Rule 78.01).

---

[1] These deadlines are contingent on Defendants satisfying their obligations regarding the timely production of structured data and providing satisfactory answers to structured data questions.

**Defendants' Position:**

1. Defendants respectfully submit that consideration of these issues is premature at this stage of the proceedings and should be deferred until after a ruling on the forthcoming motions to dismiss and Plaintiffs' removal of the wrongly-named Defendants from the case. Defendants are happy to meet and confer with Plaintiffs concerning a further case schedule once the motions to dismiss are adjudicated, if the motions are denied.

## J. DISPOSITIVE MOTIONS AND TRIAL READY DATE

**Parties' Joint Position:**

The parties have agreed on the following schedule for Defendants' motions to dismiss.

| Event | Deadline |
|---|---|
| **Plaintiffs to File Amended Complaint** | February 23, 2026 |
| **Deadline for Defendants to file motions to dismiss** | April 9, 2026 |
| **Deadline for Plaintiffs to file their oppositions to Defendants' motions to dismiss** | May 26, 2026 |
| **Deadline for Defendants to file motion to dismiss reply briefs** | June 16, 2026 |

1. For Defendants' joint motion to dismiss: 40 pages for the opening brief; 40 pages for the opposition brief; and 20 pages for the reply.

2. For individual motions to dismiss briefs raising additional grounds for dismissal on behalf of one or more Defendants: 10 pages for the opening briefs; 10 pages for the opposition briefs; and 7 pages for the reply briefs.

**Plaintiffs' Additional Position:**

Motions for Summary Judgment under Rule 56(a) shall be made in accordance with the following schedule.

No party may file a motion for summary judgment before all fact and expert discovery has been completed without first obtaining leave of Court. Any party or parties wishing to file such a motion shall first file a separate motion of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed is complete, and

the justification for the motion in terms of overall economy of time and expense for the parties, counsel, and the Court. The opposing party or parties may file a response of no more than three pages within **five days**. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

In all other respects, the provisions of Local Rule 56.01 shall govern.

1. The parties shall file and serve any motions for summary judgment **100 days** after the Court's class certification ruling.

2. The parties must file and serve their memoranda in response to any summary judgment motions **160 days** after the Court's class certification ruling.

3. The parties must file and serve their replies in support of any summary judgment motions **190 days** after the Court's class certification ruling.

4. A hearing on the parties' summary judgment motions will be held no later than **250 days** after the Court's class certification ruling, if necessary and subject to the Court's availability (*see* Local Rule 78.01).

5. The parties shall be trial ready no later than **430 days** after the Court's class certification ruling. The jury trial of this action is expected to last approximately **six weeks**.

**Defendants' Additional Position:**

1. Defendants respectfully submit that it is premature to set a schedule for summary judgment and trial at this stage of the proceeding and that consideration of these issues should be deferred until after a ruling on the forthcoming motions to dismiss and Plaintiffs' removal of the wrongly-named Defendants from the case.

## K.    SUBSEQUENT CASE MANAGEMENT CONFERENCE

**Plaintiffs' Position:**

1. Magistrate Judge Frensley shall hold status conferences with the parties **every 30 days** from **September 1, 2026** to **March 8, 2028**. Magistrate Judge Frensley shall schedule these status conferences in accordance with his calendar.

2. Judge Crenshaw shall hold status conferences with the parties **every 60 days** from **September 1, 2026** to **March 8, 2028**. The parties will provide the Court with their availability for these conferences within five days of the entry of this Order.

3. The parties will file a joint status report **seven days** before each status conference.

**Defendants' Position:**

1.     Defendants do not believe that status conferences every 30 days will be necessary or will make the best use of the parties' and the Court's time.

2.     Defendants believe that the parties should hold their Rule 26(f) conference within 21 days after the Court's ruling on the forthcoming motions to dismiss, should the case survive dismissal, and the parties should submit their Rule 26(f) report 35 days after the motion to dismiss ruling. As a part of the Rule 26(f) report, the parties will address whether the Court should hold periodic status conferences for case management purposes; the parties and the Court can better assess the need for such conferences in light of the scope of the case if it survives dismissal.

3.     Defendants request the Court set a Rule 16(b) scheduling conference for approximately 42 days after the resolution of the motions to dismiss.

## L.    PROPOSED CASE SCHEDULE

**Parties' Joint Position:**

| Event | Deadline |
|---|---|
| **Initial Case Management Conference by Telephone (ECF No. 5)** | January 8, 2026 |
| **Plaintiffs to File Amended Complaint** | February 23, 2026 |
| **Deadline for Defendants to file motions to dismiss** | April 9, 2026 |
| **Deadline for parties to make first good-faith attempt to resolve litigation** | May 8, 2026 |
| **Deadline for Plaintiffs to file their oppositions to Defendants' motions to dismiss** | May 26, 2026 |
| **Deadline for Defendants to file motion to dismiss reply briefs** | June 16, 2026 |
| **Deadline for parties to submit stipulated Protective Order, ESI Order, and Expert Discovery Stipulation or to submit joint letter briefs concerning disputed provisions of those orders, if any** | June 26, 2026 |
| **Deadline for Defendants to answer the Complaint** | 45 days after an order denying the motions to dismiss |

**Plaintiffs' Additional Position:** [*Continued on next page*]

| Event | Deadline |
|---|---|
| **Deadline to exchange Rule 26(a)(1) initial disclosures** | May 8, 2026 |
| **Deadline for responding party to begin rolling production of documents in response to first set of requests for production** | 30 days after substantial completion of the meet-and-confer process, but no later than November 10, 2026 |
| **Deadline for Defendants to produce sample from structured databases** | October 6, 2026 |
| **Deadline to negotiate stipulated Search Methodology Order or to submit joint letter brief concerning disputed provisions of that order, if any** | June 26, 2026 |
| **Deadline for parties to begin rolling productions of documents from non-custodial sources** | November 10, 2026, or within 60 days of receipt, whichever is later |
| **Deadline for parties to substantially complete document productions for Priority Custodians** | January 5, 2027 |
| **Deadline for Defendants to complete production of structured data** | January 6, 2027 |
| **Deadline to negotiate stipulated Deposition Protocol or to submit joint letter brief concerning disputed provisions of that order, if any** | October 7, 2026 |
| **Deadline for Plaintiffs to raise questions regarding production of structured data** | March 8, 2027 |
| **Deadline for the parties to substantially complete document productions** | March 8, 2027 |
| **Deadline for Defendants to provide answers to questions raised by Plaintiffs regarding structured data** | April 6, 2027 |
| **Deadline to issue non-party subpoenas** | December 22, 2027 |
| **Close of fact discovery** | February 7, 2028 |
| **Deadline to file discovery motions** | February 21, 2028 |
| **Deadline to move to amend or add parties** | March 7, 2028 |

| Event | Deadline |
|---|---|
| **Deadline for Plaintiffs to file their motion for class certification, and for parties to serve expert reports on issues on which they have the burden of proof (including class and merits issues) ("Opening Reports")** | March 7, 2028 |
| **Deadline for Defendants to file their opposition to Plaintiffs' motion for class certification, for parties to serve opposition expert reports ("Rebuttal Reports"), and for parties to file any *Daubert* motion seeking to exclude expert opinions pertaining to an Opening Report** | July 5, 2028 |
| **Deadline for Plaintiffs to file their class certification reply brief, for parties to serve reply expert reports ("Reply Reports"), and for parties to file: a) any *Daubert* motion seeking to exclude expert opinions pertaining to a Rebuttal Report; and b) any opposition to a *Daubert* motion pertaining to an Opening Report** | October 3, 2028 |
| **Deadline for parties to file: a) any oppositions to a *Daubert* motion pertaining to a Rebuttal Report; and b) any replies in support of a *Daubert* motion pertaining to an Opening Report** | December 4, 2028 |
| **Deadline for parties to file any reply in support of a Daubert motion pertaining to a Rebuttal Report** | January 4, 2029 |
| **Deadline for parties produce expert materials relied upon by experts in any expert report** | Within three business days after service of the expert report |
| **Deadline for parties to conduct depositions regarding an expert's opinions for an Opening or Rebuttal Report** | Within 30 days of service of respective report |
| **Hearing on class certification and *Daubert* motions, if necessary and subject to the Court's availability (see Local Rule 78.01)** | February 2029 |
| **Deadline for second mediation** | April 13, 2029 |
| **Deadline to file and serve any motions for summary judgment** | 100 days after the Court's class certification ruling |
| **Deadline to file and serve oppositions to any motions for summary judgment** | 160 days after the Court's class certification ruling |

| Event | Deadline |
|---|---|
| **Deadline to file and serve replies to any motions for summary judgment** | 190 days after the Court's class certification ruling |
| **Hearing on summary judgment motions, if necessary and subject to the Court's availability (see Local Rule 78.01)** | 250 days after the Court's class certification ruling |
| **Trial ready date** | 430 days after the Court's class certification ruling |

**Defendants' Additional Position:**

Defendants respectfully submit that a full case schedule is premature at this stage of the proceedings and should be deferred until after a ruling on the forthcoming motions to dismiss and Plaintiffs' removal of the wrongly-named Defendants from the case. Therefore, in addition to the agreed-upon dates above, Defendants propose the following schedule for motions-to-dismiss briefing and initial case management deadlines.

| Event | Proposed Date |
|---|---|
| **Rule 26(f) Conference** | 21 days after resolution of a Motion to Dismiss if any part of Plaintiffs' Complaint survives |
| **Initial Disclosures** | 28 days after resolution of a Motion to Dismiss if any part of Plaintiffs' Complaint survives |
| **Parties to file Rule 26(f) Report** | 35 days after resolution of a Motion to Dismiss if any part of Plaintiffs' Complaint survives |
| **Rule 16(b) Conference** | Approximately 42 days after resolution of a Motion to Dismiss, at the Court's convenience |

Dated: January 5, 2026

Respectfully submitted,

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

Robin A. van der Meulen (*Admitted Pro Hac Vice*)

23

Michelle E. Conston (*Admitted Pro Hac Vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6443
rvandermeulen@scott-scott.com
mconston@scott-scott.com

Patrick J. Coughlin (*Admitted Pro Hac Vice*)
Carmen A. Medici (*Admitted Pro Hac Vice*)
Jimmy S. McBirney (*Admitted Pro Hac Vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
jmcbirney@scott-scott.com

Patrick McGahan (*Admitted Pro Hac Vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com

Brian D. Clark (*Admitted Pro Hac Vice*)
Arielle S. Wagner (*Admitted Pro Hac Vice*)
Olivia T. Levinson (*Admitted Pro Hac Vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
aswagner@locklaw.com
otlevinson@locklaw.com

Kyle Pozan (*Admitted Pro Hac Vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 North Clark Street, Suite 700

24

Chicago, IL 60610
Telephone: (312) 205-8968
kjpozan@locklaw.com

*Counsel for Plaintiffs and the Proposed Class*

/s/ J.D. Thomas
John-David H. Thomas (TN Bar No. 027582)
**BARNES & THORNBURG, L.L.P.**
1600 West End Avenue, Ste 800
Nashville, Tennessee 37203
Telephone: (615) 621-6011
JD.Thomas@btlaw.com

Paul Olszowka (*Admitted pro hac vice*)
**BARNES & THORNBURG, L.L.P.**
1 NorthWacker Drive, Suite 4400
Chicago, Illinois
Telephone: (312) 357-1313
Paul.Olszowka@btlaw.com

*Counsel for Amerisave Mortgage Corporation*

J. Clayton Everett, Jr. (*Admitted pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
(202) 739-5860
clay.everett@morganlewis.com

Michelle Park Chiu (*Admitted pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1184
michelle.chiu@morganlewis.com

/s/ Andrew J. Pulliam
Andrew J. Pulliam (TN Bar No. 016863)

**BRICKER GRAYDON WYATT, LLP**
333 Commerce Street, Suite 830
Nashville, TN 37201-1826
(615) 251-6675

apulliam@bricker.com

*Counsel for Defendant Black Knight, Inc.*


*/s/ Megan E. Gerking*_____
Megan E. Gerking (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
**MORRISON & FOERSTER LLP**
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500
mgerking@mofo.com
rmanoso@mofo.com

*Counsel for Beeline Loans, Inc.*


*/s/ Ferdose al-Taie*_____
Ferdose al-Taie (*pro hac vice*)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
901 K St. NW
Suite 900
Washington, D.C. 20001
Direct: (202) 253-3403
faltaie@bakerdonelson.com

Christopher E. Thorsen (BPR No. 21049)
Megison M. Hancock (BPR No. 41261)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
1600 West End Avenue
Suite 2000
Nashville, Tennessee 37203
Direct: (615) 726-5586
cthorsen@bakerdonelson.com
mhancock@bakerdonelson.com

Bethany Carroll (*pro hac vice*)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
3414 Peachtree Road
Suite 1500
Atlanta, Georgia 30326
Direct: (205) 250-8373

26

bcarroll@bakerdonelson.com

*Counsel for Better Mortgage Corporation*


*/s/ Stephen J. Zralek*
Stephen J. Zralek (#18971)
**SPENCER FANE LLP**
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6305
szralek@spencerfane.com

Donald G. Heeman (*pro hac vice*)
**SPENCER FANE LLP**
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 268-7005
dheeman@spencerfane.com

John V. Picone III (*pro hac vice*)
**SPENCER FANE LLP**
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone: (408) 918-2805
jpicone@spencerfane.com

Shelby Menard (*pro hac vice*)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
Telephone: (972) 324-0352
smenard@spencerfane.com

*Counsel for Churchill Mortgage Corporation*


*/s/ Joshua C. Cumby*
Joshua C. Cumby (BPR No. 37949)
**ADAMS AND REESE LLP**
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Tel: (615) 259-1450
joshua.cumby@arlaw.com

Benjamin R. Nagin (*pro hac vice*)

27

**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
bnagin@sidley.com

*Counsel for Citibank, N.A.*


/s/   Scott Barnard
Scott Barnard (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214)-969-2800
sbarnard@akingump.com

Gorav Jindal (*pro hac vice*)
Brian Rafkin (*pro hac vice*)
Alexander Rosselli (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Robert S. Strauss Tower, 2001 K St NW
Washington, DC 20006
Telephone: (202) 887-4000
gjindal@akingump.com
brafkin@akingump.com
arosselli@akingump.com

*Counsel for Fairway Independent Mortgage*
*Corporation*


/s/   Kenneth A. Weber
Kenneth A. Weber (TN Bar No. 15730)
Ryan P. Loofbourrow (TN Bar No. 33414)
Baker, Donelson, Bearman,
**CALDWELL & BERKOWITZ, P.C.**
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
kweber@bakerdonelson.com
rloofbourrow@bakerdonelson.com

*Counsel for First Community Mortgage, Inc.*

28

*/s/ Karen Hoffman Lent*
Karen Hoffman Lent (*pro hac vice*)
Boris Bershteyn (*pro hac vice*)
Evan Kreiner (*pro hac vice*)
Sam Auld (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Karen.Lent@skadden.com
Boris.Bershteyn@skadden.com
Evan.Kreiner@skadden.com
Sam.Auld@skadden.com

*Counsel for Flagstar Bank, N.A.*


*/s/ Justin P. Murphy*
Justin P. Murphy
Matt Schock
**BAKER & HOSTETLER LLP**
1050 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
Tel.: (202) 861-1530
Fax: (202) 861-1783
jpmurphy@bakerlaw.com
mschock@bakerlaw.com

Bridget S. McCabe
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA 90067
Tel.: (310) 442-8844
Fax: (310) 820-8859
bmccabe@bakerlaw.com

W. David Bridgers
**WADDEY ACHESON LLC**
1030 16th Avenue South
Suite 300
Nashville, Tennessee 37212
Tel.: (615) 839-1100
david@waddeyacheson.com

29

*Counsel for Guaranteed Rate, Inc.*


/s/  Matthew Previn
Matthew Previn (*pro hac vice*)
matthewprevin@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090


Ryan Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael Murray (*pro hac vice*)
michaelmurray@paulhastings.com
Jonice Gray (*pro hac vice*)
jonicegray@paulhastings.com
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705


Stephen McIntyre (*pro hac vice*)
stephenmcintyre@paulhastings.com
**PAUL HASTINGS LLP**
515 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705


*Counsel for Guild Mortgage Company*


/s/  Ryan T. Holt
L. Webb Campbell II (TN Bar No. 11238)
Ryan T. Holt (TN Bar No. 30191)
Micah N. Bradley (TN Bar No. 38402)
**SHERRARD ROE VOIGT & HARBISON, PLC**
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
(615) 742-4200
(615) 742-4539 (fax)
wcampbell@srvhlaw.com

rholt@srvhlaw.com
mbradley@srvhlaw.com

Robert D. Wick (*pro hac vice*)
Andrew D. Lazerow (*pro hac vice*)
Shadman Zaman (*pro hac vice*)
Eamon Dowd (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
rwick@cov.com
alazerow@cov.com
szaman@cov.com
edowd@cov.com

*Counsel for JPMorgan Chase Bank, N.A.*


*/s/ Deepti Bansal*
Deepti Bansal (*pro hac vice*)
Michelle Rogers (*pro hac vice*)
**COOLEY LLP**
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
(202) 842-7800
dbansal@cooley.com
mrogers@cooley.com

Matthew Kutcher (*pro hac vice*)
**COOLEY LLP**
110 North Wacker Drive, Suite 4200
Chicago, IL 60606-1511
(312) 881-6500
mkutcher@cooley.com

*Counsel for loanDepot.com, LLC*


*/s/ Samuel P. Funk*
Samuel P. Funk (TN Bar No. 019777)
**SIMS|FUNK, PLC**
3102 West End Ave., Suite 1100
Nashville, TN 37203
Telephone: (615) 292-9335

31

sfunk@simsfunk.com

William C. Mayberry (*pro hac vice*)
Jason D. Evans (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
301 S. College Street, 34th Floor
Charlotte, North Carolina 28202
Telephone: (704) 998-4050
Bill.Mayberry@troutman.com
Jason.Evans@troutman.com

Bradley C. Weber (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Phone: (214) 740-8497
Brad.Weber@troutman.com

*Counsel for Movement Mortgage, LLC*


/s/ Evan P. Moltz
Evan P. Moltz
**THOMPSON COBURN LLP**
2311 Highland Avenue South
Suite 330
Birmingham, AL 35205
P: 205 769 4306
F: 205 769 4331
emoltz@thompsoncoburn.com

John S. Kingston (*pro hac vice* pending)
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, MO 63101
P: 314 552 6464
F: 314 552 7000
jkingston@thompsoncoburn.com

*Counsel for New American Funding, LLC*


/s/ Nathaniel Hass
Nathaniel Haas (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
2049 Century Park East, Suite 3700

32

Los Angeles, CA 90067
Tel: (213) 680-8250
Fax: (310) 552-5900
nathaniel.haas@kirkland.com

Devora W. Allon (*pro hac vice*)
Gilad Bendheim (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4688
Fax: (212) 446-4900
devora.allon@kirkland.com
gilad.bendheim@kirkland.com

Milton S. McGee (BPR #024150)
**RILEY & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
Facsimile: (615) 320-3737
tmcgee@rjfirm.com

*Counsel for NewRez, LLC*

/s/ Stephen M. Medlock
Stephen M. Medlock
Adam L. Hudes
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W.
Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
Fax: (202) 639-6604
smedlock@velaw.com
ahudes@velaw.com

Michael W. Scarborough
**VINSON & ELKINS LLP**
555 Mission Street
Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786
mscarborough@velaw.com

33

Nicole L. Castle
**VINSON & ELKINS LLP**
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 237-0000
Fax: (212) 237-0100
ncastle@velaw.com

Jessalyn Zeigler
**BASS, BERRY & SIMS PLC**
21 Platform Way South
Suite 3500
Nashville, TN 37203
Tel: (615) 742-6289
jzeigler@bassberry.com

*Counsel for Optimal Blue, LLC and Constellation Software, Inc.*


/s/ Aliki Sofis
Aliki Sofis (*pro hac vice*)
Eric D. Wolkoff (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100
alikisofis@quinnemanuel.com
ericwolkoff@quinnemanuel.com

/s/ Miachel D. Bonanno
Michael D. Bonanno (*pro hac vice*)
Ingrid Jernudd (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8225
mikebonanno@quinnemanuel.com
ingridjernudd@quinnemanuel.com

*Counsel for Pennymac Loan Services, LLC*

/s/ David D. Cross
David D. Cross (*pro hac vice*)
Katherine M. Cheng (*pro hac vice*)
Mary G. Kaiser (*pro hac vice*)
Julia Maloney (*pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N St. NW
Washington, D.C. 20001
(202) 436-4000
dcross@goodwinlaw.com
katherinecheng@goodwinlaw.com
mkaiser@goodwinlaw.com
juliamaloney@goodwinlaw.com

*Counsel for Rocket Mortgage, LLC and Nationstar Mortgage LLC d/b/a Mr. Cooper*


/s/ Diane R. Hazel
Diane R. Hazel (*pro hac vice*)
**FOLEY & LARDNER LLP**
1144 15th Street, Suite 2200
Denver, CO 80202
(720) 437-2034
dhazel@foley.com

*Counsel for United Wholesale Mortgage, LLC*


/s/ B. Parker Miller
Matthew D. Kent (*pro hac vice* pending)
B. Parker Miller  (*pro hac vice* pending)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000
matthew.kent@alston.com
parker.miller@alston.com

*Counsel for U.S. Bank National Association*


s/ Drew T. Dorner
Drew T. Dorner (Tenn. BPR No. 030876)
**DUANE MORRIS LLP**
901 New York Avenue N.W., Suite 700 East

Washington, DC  20001-4795
Telephone: (202) 776-5291
dtdorner@duanemorris.com

Wayne A. Mack
Sean P. McConnell
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com

*Counsel for Freedom Mortgage Corporation*


/s/ Michael Alston
Michael K. Alston (TN Bar No. 13697)
Madeline Leonard Phifer (TN Bar No. 38620)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: 423.755.2651
Michael.Alston@huschblackwell.com
Madeline.LeonardPhifer@huschblackwell.com

Richard W. F. Swor (TN Bar No. 37640)
**HUSCH BLACKWELL LLP**
501 Commerce Street, Suite 1620
Nashville, TN 37203
Telephone: 615.949.2266
Richard.Swor@huschblackwell.com

Jayant W. Tambe
**JONES DAY**
250 Vesey Street
New York, NY 10281-1052
(212) 326-3939
jtambe@jonesday.com

Peter J. Schwingler
Michael Sawers
Abby G. Oakland
**JONES DAY**
90 South Seventh Street
Suite 4950
Minneapolis, Minnesota 55402

36

(612) 217-8800
pschwingler@jonesday.com
msawers@jonesday.com
aoakland@jonesday.com

*Counsel for Wells Fargo Bank, N.A.*

 */s/ Britt M. Miller*
Britt M. Miller (*pro hac vice*)
Matthew D. Provance (*pro hac vice*)
Daniel T. Fenske (*pro hac vice*)
**MAYER BROWN LLP**
71 S. Wacker Dr.
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com
dfenske@mayerbrown.com

Andrew J. Demko (*pro hac vice*)
**MAYER BROWN LLP**
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
(213) 229-5174
ademko@mayerbrown.com

Erin Palmer Polly (TN Bar #22221)
**K&L GATES LLP**
501 Commerce Street, Suite 1500
Nashville, TN 37203
(615) 780-6733
erin.polly@klgates.com

*Counsel for FirstBank*

*/s/ Deke Shearon*
**BRADLEY ARANT BOULT
CUMMINGS LLP**
Deke Shearon (BPR No. 041665)
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: +1.615.252.3815
dshearon@bradley.com

37

Robert Maddox (*pro hac vice*, BPR No. 024913)
1819 5th Avenue N
Birmingham, AL 35203
Telephone: +1.205.521.8454
rmaddox@bradley.com

**ALLEN OVERY SHEARMAN
STERLING US LLP**
Adam S. Hakki (*pro hac vice*, NY Reg. 2925162)
Richard Schwed (*pro hac vice,* NY Reg. 2627933)
Susan Loeb (*pro hac vice*, NY Reg. 5570940)
599 Lexington Ave
New York, NY 10022-6069
Telephone: +1.212.848.4000
adam.hakki@aoshearman.com
rschwed@shearman.com
susan.loeb@aoshearman.com

Brian C. Hauser (*pro hac vice*, D.C. Bar 1024406)
1101 New York Ave NW
Washington, DC 20005
Telephone: +1.202.508.8000
brian.hauser@aoshearman.com

*Counsel for Bank of America, N.A.*

38

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026 I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to the email addresses denoted on the Electronic Mail Notice List.

/s/ *Tricia R. Herzfeld*
Tricia R. Herzfeld