| | |
|---|---|
| SETH OGILVIE and NANCI DONACKI-THOMPSON, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>v.<br><br>OPTIMAL BLUE, LLC; BLACK KNIGHT, INC.; CONSTELLATION SOFTWARE, INC.; GUARANTEED RATE, INC.; CROSSCOUNTRY MORTGAGE, LLC; PENNYMAC LOAN SERVICES, LLC; GUILD MORTGAGE COMPANY, LLC; NEW AMERICAN FUNDING, LLC; CHURCHILL MORTGAGE CORPORATION; FIRST COMMUNITY MORTGAGE, INC; MOVEMENT MORTGAGE, LLC; AND BEELINE LOANS, INC.<br><br>               Defendants. | Case No. 3:25-cv-01140<br><br>JURY TRIAL DEMAND<br><br>District Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Jeffery S. Frensley |

## THE PARTIES' AMENDED PROPOSED INITIAL CASE MANAGEMENT ORDER

### A. BRIEF THEORIES OF THE PARTIES

**Plaintiffs' Position:** Plaintiffs seek to represent a class of persons who entered into a residential mortgage for their primary residence with one of the Mortgage Lender Defendants. Plaintiffs allege that Mortgage Lender Defendants entered into a scheme with Optimal Blue to cease competing and instead artificially inflate mortgage prices since at least 2019. Under the alleged scheme, Mortgage Lender Defendants regularly exchange competitively sensitive, non-public information and data on mortgage prices and fees with Optimal Blue using Optimal Blue's

software and data license arsenal, including Optimal Blue's "Competitive Analytics," "Competitive Data License," "Market Analytics," "Market Data License," and "Originator Pricing Insight" solutions ("Business Analytics Solutions"). Optimal Blue, in turn, takes this granular, real-time data about every component of Mortgage Lender Defendants' residential mortgage prices and fees and puts it into its Business Analytics Solutions. Optimal Blue's Business Analytics Solutions allow Mortgage Lender Defendants to compare their mortgage prices with their competitors and collectively coordinate and maintain increases to mortgage prices. As a result, Plaintiffs and the class paid higher mortgage prices and fees than they would have paid in a competitive market.

Defendants claim below that "Plaintiffs have retreated from the core themes that animated their original complaint," but that is not true. This remains a case about the use of Optimal Blue's software and data licenses by mortgage lenders to exchange "non-public, competitively sensitive, granular, real-time data covering every component of their residential mortgage pricing and profit margins." *Compare* ECF No. 1 at ¶¶ 2–4 *to* ECF No. 264 at ¶¶ 2–4. The terms "algorithm" and "algorithmic" are not found in the original complaint.

Defendants' efforts to belittle Plaintiffs for their amended complaint in this filing are surprising. Plaintiffs voluntarily dismissed certain Defendants based on information learned during meet-and-confers and, in certain instances, after receiving sworn declarations that those Defendants did not use the services in question. And Plaintiffs expanded the Optimal Blue services used by Defendants to perpetuate the alleged conspiracy. These alterations are not unusual in the early stages of an antitrust case before Plaintiffs have been allowed the opportunity for discovery.

**Defendants' Position:** Plaintiffs have retreated from the core themes that animated their original complaint. They have dropped 17 of the original 29 defendants. They have dropped half of

2

the named plaintiffs. And, most importantly, they have dropped any pretense that this is an algorithmic pricing conspiracy case.

As Plaintiffs now concede, Optimal Blue does not operate a pricing algorithm. Optimal Blue does not dictate or recommend prices. Instead, Optimal Blue provides backward-looking, aggregated, anonymized, and de-identified data to certain mortgage loan originators and other users, including the U.S. Federal Reserve. Optimal Blue does not forecast or predict future prices, nor does it suggest or recommend how mortgage loan originators should set their prices. Instead, it presents data on what already has occurred in different markets across the United States. Each of Optimal Blue's users decides for itself whether and, if so, how it will use that data. There is no agreement on prices or whether to use the software. There is no exchange of deanonymized or forward-looking data. Defendants deny any agreement to fix prices or engage in anticompetitive information sharing.

What Plaintiffs are left with is a First Amended Complaint that is a husk of the original complaint. They do not explain what the alleged agreement is (because there was none). They do not explain how it harmed competition (again, because there was none). Nor do they explain how Defendants held market power in any relevant market alleged in the Complaint (they did not).

**B.      ISSUES RESOLVED**

1.      **Timing for Motion to Dismiss Opening Briefs.** The parties agree to a schedule and page limits for their motion to dismiss briefing, which are set forth below.

2.      **Limited Stay of Discovery.** The parties have agreed to a limited stay of discovery while motions to dismiss are pending. The parties will negotiate a Protective Order, Order on the Production of Electronically Stored Information and Paper Documents ("ESI Protocol"), and Expert Stipulation while the motions to dismiss are pending.

3.      **Answer Deadline.** If the Court substantially denies or denies the motions to dismiss in full, then the parties agree that Defendants' answers will be due **45 days** after the Court's ruling on the motions to dismiss.

4.      **Initial ADR Deadline.** The parties have held initial discussions with the Court-appointed mediators. As a part of the mediation, Optimal Blue has provided

3

Plaintiffs with further information about how its benchmarking tools work. Once Plaintiffs have that information, the parties will work together with the mediators to schedule further mediation discussions.

**C.      ISSUES STILL IN DISPUTE**

1.      **Jurisdiction.** The parties dispute whether this Court has personal jurisdiction over Constellation Software Inc. Plaintiffs contend that jurisdiction is proper under the asserted statutory bases. Defendant Constellation Software Inc. disputes jurisdiction and intends to pursue a related motion.

2.      **Venue.** Defendant Constellation Software Inc. contends that venue is improper and anticipates seeking dismissal or transfer.

3.      **Plausibility of the Pleadings.** The parties' anticipated arguments regarding the plausibility of the pleadings are discussed in ECF Nos. 269 and 270.

4.      **All Other Substantive Issues.** Apart from the sufficiency of the pleadings, all other substantive and procedural issues—including class certification, liability, damages, defenses, and any other matters arising during discovery—remain unresolved and contested. Those issues will be addressed if the case proceeds.

**D.      PLEADINGS**

**The Parties' Joint Position:**

1.      As set forth in Section J herein, the parties propose the following Motion to Dismiss briefing schedule:

| Event | Proposed Date |
|---|---|
| **Plaintiffs to File Amended Complaint** | February 23, 2026 |
| **Defendants to file notice of the nature and number of all anticipated motions to dismiss** | March 10, 2026, Noon CT |
| **Plaintiffs to file notice of the nature and number of anticipated responses to motions to dismiss** | March 24, 2026, Noon CT |
| **Motion to Dismiss Opening Briefs** | April 30, 2026 |
| **Opposition Briefs** | June 18, 2026 |
| **Reply Briefs** | July 16, 2026 |

4

2. The parties further propose the following page limits for a consolidated Rule 12(b)(6) motion: 40 pages for the opening brief; 40 pages for the opposition brief; and 20 pages for the reply.

3. For Defendants Black Knight, Inc.'s and Constellation Software, Inc.'s motions to dismiss raising additional grounds for dismissal, the parties propose the following briefing page limits for each motion: 10 pages for the opening briefs; 10 pages for the opposition briefs; and 5 pages for the reply briefs.

4. Defendants must file their answers to the Complaint within **45 days** of the Court's decision on the motions to dismiss (should the Court substantially deny or deny the motions in full). If the Court grants a motion to dismiss with leave to amend, the parties will meet and confer regarding the need for a new proposed case management order after Plaintiffs file their amended Complaint.

5. The parties agree that any motions for leave to amend to add new Defendants shall be filed by no later than **August 16, 2027**. This deadline does not impact the parties' rights to amend or supplement their pleadings for any other reason under Rule 15. Any motion that seeks to amend or supplement the pleadings with the Court's permission must include a redline version reflecting the changes contained in the proposed pleading. Such motions must comply with Local Rules 7.01 and 15.01. Failure to comply with the Local Rules may result in summary denial of the motion(s). The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile.

## E. INITIAL DISCLOSURES

**The Parties' Joint Position:** The parties shall exchange initial disclosures pursuant to Fed.

R. Civ. P. 26(a)(1) on or before **August 6, 2026**.

## F. CASE RESOLUTION PLAN AND JOINT ADR REPORTS

**The Parties' Joint Position:**

1. The parties are engaged in good-faith settlement discussions and each side has already held initial conversations with the Court-appointed mediators.

2. The parties will engage in good faith mediations or case resolution efforts with the guidance of the Court-appointed mediators or through direct negotiations.

3. To expedite resolution of proceedings and inform absent class members of their rights in a timely fashion, Plaintiffs and a settling Defendant must move for approval of that class settlement within **30 days** of Plaintiffs and a settling Defendant reaching an agreement in principle to settle with Plaintiffs.

5

## G.    FACT DISCOVERY

**<u>The Parties' Joint Position</u>:**

1.      The parties agree that discovery should be stayed while the motions to dismiss are pending.

2.      While the motions to dismiss are pending, the parties will meet and confer to negotiate a stipulated proposed Protective Order, ESI Protocol, and Expert Stipulation.

3.      The parties will submit a proposed Protective Order, ESI Protocol, and Expert Stipulation, or—if the parties cannot agree on any of these orders—they will submit a proposed order reflecting the parties' agreed-upon provisions and a joint statement of no more than 5 pages per side per proposed order concerning disputed provisions, on or before **August 27, 2026**.  If the parties have not reached complete agreement on any of these proposed orders by **August 18, 2026**, they will exchange drafts of their respective sections of the joint statement by 5 pm ET on **August 21, 2026**.  The parties will exchange revisions to their respective sections of the joint statement by 12 pm ET on **August 26, 2026**. The parties will exchange final revisions to their respective sections of the joint statement by 11:30 am ET on **August 27, 2026**. No further edits to the draft joint statement may be made by either side after 11:30 am ET on **August 27, 2026** absent an agreement by the parties. Plaintiffs will electronically file the joint statement.

As required by the Court, the parties jointly propose the following procedure and schedule for fact discovery. This schedule presumes the Court enters an order denying the motions to dismiss in whole or in part.  If the Court has not yet issued a decision on the motions to dismiss at least **35 days** before the earliest dates set forth in Paragraph G(6)(a) of this proposed schedule, the parties are not required to comply with these deadlines and must meet and confer regarding new proposed deadlines within **14 days** of an order denying the motions to dismiss in whole or in part. If the Court grants a motion to dismiss with leave to amend, discovery will remain stayed.

4.      No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

5.      Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all discovery disputes. All discovery-related motions shall be filed by no later than **April 17, 2028**. Before any party can file a discovery-related motion, counsel for each affected party SHALL engage in an in-person conference to resolve the discovery issue in good faith. At least one counsel for a

6

party shall attend in person, but other counsel for a party may participate via telephone or video conference. The parties shall alternate locations between the offices of Plaintiffs' counsel and Defendants' counsel for the in-person meeting. Unless otherwise agreed, when a party asks another party to meet in person the meeting shall take place within **seven calendar days**. If the discovery dispute is not resolved at the in-person conference, those attorneys, and only those attorneys, who participated in the in-person (face-to-face) conference must file the following:

    a.    A certificate of the attorneys who participated and the duration of the in-person meet and confer;

    b.    A motion for a discovery conference; and

    c.    A joint discovery dispute statement that must comply with Local Rule 37.01(b), except that the joint discovery dispute statement is limited to 10 pages.

6.    Fact discovery will close on **April 3, 2028**. To facilitate the scheduling and taking of depositions and the briefing of class certification, the Court also establishes the following interim discovery deadlines for the production of documents and data:

    a.    Assuming that a request for production of structured data has been served by no later than **October 22, 2026**, the production of structured data shall be completed by **May 10, 2027**. Each Defendant will produce a sample of its relevant structured databases, if any, by no later than **December 7, 2026**. The parties will promptly meet and confer regarding the sample production, and Plaintiffs may ask reasonable and proportionate questions about the structured data and any perceived deficiencies therein. The purpose of Plaintiffs' questions and Defendants' responses is to enable the parties to agree on the scope of production. For questions that Plaintiffs ask by **January 21, 2027,** Defendants will respond no later than **March 4, 2027**. The parties will subsequently negotiate in good faith regarding the scope of the structured data production in order to facilitate the timely production of agreed upon structured data by **May 10, 2027**.

    b.    The parties will meet and confer in good faith following the **May 10, 2027** full production of the structured data to address any potential deficiencies with the production. The parties will use their reasonable best efforts to complete their meet and confers regarding structured data productions by **August 9, 2027**.

    c.    A responding party shall begin rolling productions of custodial documents in response to the first sets of requests for production of documents by **January 11, 2027**, or within **42 days** after substantial completion of the meet-and-confer process on the scope of the requests, sources, search methodology, and date ranges, whichever is later. In the event that a

7

responding party does not begin productions by this deadline, the requesting party may raise any related disputes with the Court, subject to the provisions of Section G(5).

d. No less than **every 42 days** after a party begins producing documents for an agreed custodian, the producing party shall make rolling productions of all documents identified to date as responsive and non-privileged for that agreed custodian, with substantial completion of the custodian's production to occur within **154 days** of the beginning of that custodians' rolling production.

e. A responding party shall begin rolling productions of documents from non-custodial sources in response to requests for production of documents by **January 11, 2027**, or within **63 days** of receipt, whichever is later. No less than **every 42 days thereafter**, the producing party shall make rolling productions of all documents identified to date as responsive and non-privileged, with substantial completion of the production to occur within **154 days** of the beginning of that rolling production.

f. The parties must substantially complete their document productions in response to the first sets of requests for production of documents by **June 14, 2027.**

7. Written Discovery:

a. <u>Interrogatories</u>: Interrogatories will be counted in accordance with Fed. R. Civ. P. 33(a)(1). The parties must coordinate efforts and each side must avoid serving duplicative or unduly burdensome interrogatories.

   i. <u>Plaintiffs</u>: Plaintiffs may jointly serve 25 interrogatories on each Defendant. Plaintiffs may jointly serve up to an additional 5 interrogatories on any individual Defendant; provided, however, that these additional interrogatories may only relate to issues specific to the Defendant receiving the interrogatory.

   ii. <u>Defendants</u>: Defendants may jointly serve 25 interrogatories on each named Plaintiff. Defendants may jointly serve up to an additional 5 interrogatories on any individual named Plaintiff; provided, however, that these additional interrogatories may only relate to issues specific to the named Plaintiff receiving the interrogatory.

   iii. Any party may request an enlargement of these limits for good cause.

b. <u>Requests for Admission</u>:

8

i. Requests for admission to establish the authenticity of documents, the admissibility of documents, or both may be served after the close of fact discovery. Within **21 days** after briefing on Plaintiffs' motion for class certification and the associated Rule 702 briefing has been completed, the parties will meet and confer regarding a schedule for and limitations on such requests for admission.

ii. With respect to requests for admission not pertaining to the evidentiary issues addressed in the prior paragraph, all parties must endeavor to coordinate to ensure that any such requests do not cause unnecessary duplication. With respect to such non-evidentiary issues:

a) Plaintiffs may jointly serve 35 requests for admission not pertaining to the evidentiary issues addressed in subparagraph (b)(i) above on each Defendant.

b) Defendants may jointly serve 35 requests for admission not pertaining to the evidentiary issues addressed in subparagraph (b)(i) above on each Plaintiff.

c) Absent a showing of good cause, requests for admission not pertaining to the evidentiary issues addressed in subparagraph (b)(i) above must be served by **January 24, 2028**.

d) Any party may request an enlargement of these limits for good cause.

8. Authenticity

a. The parties will meet and confer in good faith to determine if a process for a stipulation and/or a deferred Rule 30(b)(6) deposition can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and the status of a document as a business record (FRE 803(6)). For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

b. Each party agrees to the presumption that a document is authentic if it was produced from that party's own files, unless a party makes a showing of good cause to the contrary.

9

9. Depositions:

    a. Depositions shall be governed by the Order for Deposition Protocol. The Deposition Protocol will address the rules for taking remote depositions and the total number of depositions per side. The parties shall submit a proposed Deposition Protocol to the Court or—if the parties cannot agree on a Deposition Protocol—they will submit a joint statement of no more than three pages per side concerning disputed provisions, within **98 days** of a decision denying the motions to dismiss in whole or in part. If the parties have not reached complete agreement on a Deposition Protocol at least **84 days** after such a decision on the motions to dismiss, the parties will confer and reach agreement on the timeline for a mutual exchange of drafts of their respective sections of the joint statement within **five business days**, initial revisions within **three business days**, further revisions **within two business days**, and electronic filing.

10. Non-Party Subpoenas:

    Absent good cause to the contrary, all non-party subpoenas must be served by **February 18, 2028** to allow sufficient time, taking into account the nature and volume of the material requested, for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the **April 3, 2028** completion of all fact discovery.

    b. Plaintiffs and Defendants must give each side notice of the issuance of a non-party subpoena. Such notice must be given at least **three business days** in advance. Plaintiffs and Defendants must exchange all non-party productions within **14 days** of receipt of the productions or at least **14 days** before the deposition of the producing non-party, whichever is earlier. If a non-party produces documents less than 14 days before its deposition, the receiving party must make the documents available to the other side upon receipt.

    c. All other procedures for non-party depositions will be addressed in the parties' forthcoming Deposition Protocol.

## H.    ADDITIONAL DISCOVERY ORDERS

**The Parties' Joint Position:**

1. The parties will begin meeting and conferring to negotiate a stipulated proposed Search Methodology Order no later than **14 days** after the order on the motions to dismiss if the complaint survives in whole or in part. The parties will submit the proposed stipulated order—or if no agreement is reached, competing proposed orders accompanied by a joint statement of no more than three pages per side—no later than **35 days** after the order on the motions to dismiss if the complaint survives in whole or in part. If the parties have not reached complete agreement on a Search

Methodology Order within **28 days** after such a decision on the motions to dismiss, the parties will agree on a timeline for a mutual exchange of drafts of their respective sections of the joint statement, initial revisions, further revisions, and electronic filing.

2. The parties will negotiate a separate protocol for privilege log procedures or—if the parties cannot agree on a privilege log protocol, they shall submit a joint statement of no more than three pages per side concerning disputed provisions—on **October 23, 2026**. If the parties have not reached complete agreement on a privilege log protocol by **October 9, 2026**, the parties will agree on a timeline for a mutual exchange of drafts of their respective sections of the joint statement, initial revisions, further revisions, and electronic filing.

## I. CLASS CERTIFICATION, RULE 26(A) EXPERT DISCLOSURES, EXPERT DISCOVERY, AND RULE 702 MOTIONS

The parties disagree on whether Rule 23 class certification and Rule 26(a)(2) trial experts should be disclosed simultaneously or consecutively. The parties' positions are laid out below. Each side has submitted a brief statement laying out its position on this issue in less than five double-spaced pages. Plaintiffs' position is Exhibit A. Defendants' position is Exhibit B.

**Plaintiffs' Position:**

1. Plaintiffs must serve all expert reports on class and merits issues ("Opening Reports") on or before **May 12, 2028**.[1]

2. Defendants must serve opposition expert reports on class and merits issues ("Rebuttal Reports") on or before **July 21, 2028**.

3. Plaintiffs must serve reply expert reports on class and merits issues ("Reply Reports") on or before **September 4, 2028**.

4. Expert depositions regarding an expert's opinions for an Opening or Rebuttal Report shall be conducted within **35 days** of service of the respective report, unless otherwise agreed upon in writing by the parties.

5. All expert material, including back-up data, relied upon in any expert report must be produced no later than **three business days** after service of the expert report, unless otherwise agreed upon in writing by the parties.

---

[1] These deadlines are contingent on Defendants satisfying their obligations regarding the timely production of structured data and providing satisfactory answers to structured data questions.

6. Upon conclusion of expert disclosures, the parties will brief class certification and any motions to exclude expert opinions, whether relating to class or merits issues.

7. Plaintiffs must file and serve their opening motion for class certification on or before **October 19, 2028**. In addition, Defendants must also file and serve any Rule 702 motion seeking to exclude expert opinions pertaining to an Opening Report on or before **October 19, 2028**.

8. Defendants must file and serve their opposition to Plaintiffs' motion for class certification on or before **December 11, 2028**. In addition, on or before **December 11, 2028**, Plaintiffs must file and serve: (a) any Rule 702 motion seeking to exclude expert opinions pertaining to a Rebuttal Report; and (b) any opposition to a Rule 702 motion pertaining to an Opening Report.

9. Plaintiffs must file and serve their reply in support of their motion for class certification on or before **January 22, 2029**. In addition, on or before **January 22, 2029**, Defendants must file and serve: (a) any opposition to a Rule 702 motion pertaining to a Rebuttal Report; and (b) any reply in support of a Rule 702 motion pertaining to an Opening Report.

10. On or before **February 21, 2029**, Plaintiffs must file and serve any reply in support of a Rule 702 motion pertaining to a Rebuttal Report.

11. A hearing on class certification and Rule 702 motions will be held in **March 2029**, if necessary and subject to the Court's availability (*see* Local Rule 78.01).

**Defendants' Position:**

| Event | Deadline |
|---|---|
| Plaintiffs file and serve motion for class certification | June 2, 2028 |
| Plaintiffs serve all expert reports on class certification issues ("Opening Reports") | June 2, 2028 |
| Plaintiffs serve expert backup materials | June 6, 2028 |
| Deposition(s) of Plaintiffs' expert(s) regarding Opening Reports | July 7, 2028, unless otherwise agreed by the parties |
| Defendants file and serve opposition to Plaintiffs' motion for class certification | August 4, 2028 |
| Defendants file and serve any Rule 702 motion(s) seeking to exclude expert opinions pertaining to an Opening Report | August 4, 2028 |

Case 3:25-cv-01140    Document 274    Filed 04/09/26    Page 12 of 27 PageID #: 1571

| | |
|---|---|
| Defendants serve rebuttal expert reports on class certification issues ("Rebuttal Reports") | August 4, 2028 |
| Defendants serve expert backup materials | August 8, 2028 |
| Deposition(s) of Defendants' expert(s) regarding Rebuttal Reports | September 8, 2028, unless otherwise agreed by the parties |
| Plaintiffs file and serve reply in support of motion for class certification | October 6, 2028 |
| Plaintiffs file and serve any opposition to a Rule 702 motion pertaining to Opening Reports | October 6, 2028 |
| Plaintiffs file and serve any Rule 702 motion(s) pertaining to Rebuttal Reports | October 6, 2028 |
| Defendants file and serve any reply in support of any Rule 702 motion pertaining to Opening Reports | November 3, 2028 |
| Defendants file and serve any opposition to a Rule 702 motion pertaining to a Rebuttal Report | November 17, 2028 |
| Plaintiffs file and serve any reply in support of a Rule 702 motion pertaining to a Rebuttal Report | December 8, 2028 |
| Hearing on class certification and Rule 702 motions | January or February 2029, at the Court's convenience |

## J.       MOTIONS ON THE PLEADINGS

**The Parties' Joint Position:**

The parties have agreed on the following schedule for Defendants' motions to dismiss.

| **Event** | **Deadline** |
|---|---|
| **Deadline for Defendants to file motions to dismiss** | April 30, 2026 |
| **Deadline for Plaintiffs to file their oppositions to Defendants' motions to dismiss** | June 18, 2026 |
| **Deadline for Defendants to file motion to dismiss reply briefs** | July 16, 2026 |

1. For Defendants' joint motion to dismiss: 40 pages for the opening brief; 40 pages for the opposition brief; and 20 pages for the reply.

2. For individual motions to dismiss briefs raising additional grounds for dismissal on behalf of one or more Defendants: 10 pages for the opening briefs; 10 pages for the opposition briefs; and 5 pages for the reply briefs.

**K.    SUBSEQUENT CASE MANAGEMENT CONFERENCES**

**The Parties' Joint Position:**

1. Pursuant to the Court's January 16, 2026 Order (ECF No. 249), Judge Crenshaw shall hold monthly status conferences with the parties through **December 2027**. The parties have proposed dates and times for these periodic monthly status conferences, consistent with the Court's instruction, but defer to the Court's calendar.

2. The parties will file a joint status report at least **seven days** before each status conference.

**L.    PROPOSED CASE SCHEDULE**

**The Parties' Joint Position:**

| Event | Deadline |
|---|---|
| Deadline for Defendants to file motions to dismiss | April 30, 2026 |
| Deadline for Plaintiffs to file their oppositions to Defendants' motions to dismiss | June 18, 2026 |
| Deadline for Defendants to file motion to dismiss reply briefs | July 16, 2026 |
| Deadline to exchange Rule 26(a)(1) initial disclosures | August 6, 2026 |
| Deadline for parties to submit stipulated Protective Order, ESI Order, and Expert Discovery Stipulation or to submit joint statement concerning disputed provisions of those orders, if any | August 27, 2026 |
| Deadline to negotiate stipulated Search Methodology Order or to submit joint | 35 days after an order denying the motions to dismiss |

14

| | |
|---|---|
| statement concerning disputed provisions of that order, if any | |
| Deadline for Defendants to answer the Complaint | 45 days after an order denying the motions to dismiss |
| Deadline to negotiate stipulated Deposition Protocol or to submit joint statement concerning disputed provisions of that order, if any | 90 days after an order denying the motions to dismiss |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | October 1, 2026 |
| Periodic monthly status conference before Judge Crenshaw | October 8, 2026 at 9 AM CT |
| Deadline to negotiate stipulated Privilege Log Protocol or to submit joint statement concerning disputed provisions of that order, if any | October 23, 2026 |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | November 3, 2026 |
| Periodic monthly status conference before Judge Crenshaw | November 10, 2026 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | December 2, 2026 |
| Deadline for Defendants to produce sample from structured databases, assuming a request for production has been served by October 22, 2026 | December 7, 2026 |
| Periodic monthly status conference before Judge Crenshaw | December 9, 2026 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | January 6, 2027 |

15

| | |
|---|---|
| Deadline for responding party to begin rolling production of documents in response to first set of requests for production | January 11, 2027 or within 42 days after substantial completion of the meet-and-confer process on the scope of the requests, sources, search methodology, and date ranges, whichever is later |
| Periodic monthly status conference before Judge Crenshaw | January 13, 2027 at 9 AM CT |
| Plaintiffs may ask questions regarding Defendants' sample data | January 21, 2027 |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | February 4, 2027 |
| Periodic monthly status conference before Judge Crenshaw | February 11, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | March 4, 2027 |
| Defendants will respond to questions regarding structured data that Plaintiffs asked by January 21, 2024 | March 4, 2027 |
| Periodic monthly status conference before Judge Crenshaw | March 11, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | April 7, 2027 |
| Periodic monthly status conference before Judge Crenshaw | April 14, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | May 6, 2027 |
| Deadline for Defendants to complete production of structured data | May 10, 2027 |
| Periodic monthly status conference before Judge Crenshaw | May 13, 2027 at 9 AM CT |

| | |
|---|---|
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | June 8, 2027 |
| Deadline for the parties to substantially complete document productions in response to the first sets of requests for production of documents | June 14, 2027 |
| Periodic monthly status conference before Judge Crenshaw | June 15, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | July 7, 2027 |
| Periodic monthly status conference before Judge Crenshaw | July 14, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | August 10, 2027 |
| Deadline for Plaintiffs to move to amend to add Defendants | August 16, 2027 |
| Periodic monthly status conference before Judge Crenshaw | August 17, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | September 9, 2027 |
| Periodic monthly status conference before Judge Crenshaw | September 16, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | October 7, 2027 |
| Periodic monthly status conference before Judge Crenshaw | October 14, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | November 9, 2027 |

| | |
|---|---|
| Periodic monthly status conference before Judge Crenshaw | November 16, 2027 at 9 AM CT |
| Deadline to file joint status report for periodic monthly status conference before Judge Crenshaw | December 9, 2027 |
| Periodic monthly status conference before Judge Crenshaw | December 16, 2027 at 9 AM CT |
| Deadline for serving requests for admission not pertaining to evidentiary issues | January 24, 2028 |
| Deadline to issue non-party subpoenas | February 18, 2028 |
| Close of fact discovery | April 3, 2028 |
| Deadline to file discovery motions | April 17, 2028 |
| Target trial date | March 4, 2030 |

18

Dated: April 9, 2026

Respectfully submitted,

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI
AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

Robin A. van der Meulen (*Admitted Pro Hac Vice*)
Michelle E. Conston (*Admitted Pro Hac Vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6443
rvandermeulen@scott-scott.com
mconston@scott-scott.com

Patrick J. Coughlin (*Admitted Pro Hac Vice*)
Carmen A. Medici (*Admitted Pro Hac Vice*)
Jimmy S. McBirney (*Admitted Pro Hac Vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
jmcbirney@scott-scott.com

Patrick McGahan (*Admitted Pro Hac Vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com

Brian D. Clark (*Admitted Pro Hac Vice*)
Arielle S. Wagner (*Admitted Pro Hac Vice*)

19

Olivia T. Levinson (*Admitted Pro Hac Vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
aswagner@locklaw.com
otlevinson@locklaw.com

Kyle Pozan (*Admitted Pro Hac Vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 North Clark Street, Suite 700
Chicago, IL 60610
Telephone: (312) 205-8968
kjpozan@locklaw.com

*Counsel for Plaintiffs and the Proposed Class*


J. Clayton Everett, Jr. (*Admitted pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
(202) 739-5860
clay.everett@morganlewis.com

Michelle Park Chiu (*Admitted pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1184
michelle.chiu@morganlewis.com

*/s/ Andrew J. Pulliam*
Andrew J. Pulliam (TN Bar No. 016863)

**BRICKER GRAYDON WYATT, LLP**
333 Commerce Street, Suite 830
Nashville, TN 37201-1826
(615) 251-6675
apulliam@bricker.com

*Counsel for Defendant Black Knight, Inc.*

*/s/ Megan E. Gerking*
Megan E. Gerking (*pro hac vice*)
Robert W. Manoso (*pro hac vice*)
**MORRISON & FOERSTER LLP**
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500
mgerking@mofo.com
rmanoso@mofo.com

*Counsel for Beeline Loans, Inc.*


*/s/ Stephen J. Zralek*
Stephen J. Zralek (#18971)
**SPENCER FANE LLP**
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6305
szralek@spencerfane.com

Donald G. Heeman (*pro hac vice*)
**SPENCER FANE LLP**
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 268-7005
dheeman@spencerfane.com

John V. Picone III (*pro hac vice*)
**SPENCER FANE LLP**
225 West Santa Clara Street, Suite 1500
San Jose, CA 95113
Telephone: (408) 918-2805
jpicone@spencerfane.com

Shelby Menard (*pro hac vice*)
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
Telephone: (972) 324-0352
smenard@spencerfane.com

*Counsel for Churchill Mortgage Corporation*


*/s/ Kenneth A. Weber*

21

Kenneth A. Weber (TN Bar No. 15730)
Ryan P. Loofbourrow (TN Bar No. 33414)
Baker, Donelson, Bearman,
**CALDWELL & BERKOWITZ, P.C.**
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
kweber@bakerdonelson.com
rloofbourrow@bakerdonelson.com

*Counsel for First Community Mortgage, Inc.*


*s/ Belinda Lee*
Belinda Lee (p*ro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
belinda.lee@lw.com

Lawrence E. Buterman (p*ro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
lawrence.buterman@lw.com

Emily Campbell Taube (BPR #019323)
**BURR & FORMAN LLP**
222 Second Avenue, South Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3237
etaube@burr.com

*Counsel for CrossCountry Mortgage, LLC*


*/s/ Justin P. Murphy*
Justin P. Murphy
Matt Schock
**BAKER & HOSTETLER LLP**
1050 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
Tel.: (202) 861-1530

22

Fax: (202) 861-1783
jpmurphy@bakerlaw.com
mschock@bakerlaw.com

Bridget S. McCabe
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA 90067
Tel.: (310) 442-8844
Fax: (310) 820-8859
bmccabe@bakerlaw.com

W. David Bridgers
**WADDEY ACHESON LLC**
1030 16th Avenue South
Suite 300
Nashville, Tennessee 37212
Tel.: (615) 839-1100
david@waddeyacheson.com

*Counsel for Guaranteed Rate, Inc.*


*/s/ Matthew Previn*
Matthew Previn (*pro hac vice*)
matthewprevin@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Ryan Phair (*pro hac vice*)
ryanphair@paulhastings.com
Michael Murray (*pro hac vice*)
michaelmurray@paulhastings.com
Jonice Gray (*pro hac vice*)
jonicegray@paulhastings.com
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Stephen McIntyre (*pro hac vice*)

23

stephenmcintyre@paulhastings.com
**PAUL HASTINGS LLP**
515 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

*Counsel for Guild Mortgage Company*


/s/ Samuel P. Funk
Samuel P. Funk (TN Bar No. 019777)
**SIMS|FUNK, PLC**
3102 West End Ave., Suite 1100
Nashville, TN 37203
Telephone: (615) 292-9335
sfunk@simsfunk.com

William C. Mayberry (*pro hac vice*)
Jason D. Evans (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
301 S. College Street, 34th Floor
Charlotte, North Carolina 28202
Telephone: (704) 998-4050
Bill.Mayberry@troutman.com
Jason.Evans@troutman.com

Bradley C. Weber (*pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Phone: (214) 740-8497
Brad.Weber@troutman.com

*Counsel for Movement Mortgage, LLC*


/s/ Evan P. Moltz
Evan P. Moltz
**THOMPSON COBURN LLP**
2311 Highland Avenue South
Suite 330
Birmingham, AL 35205
P: 205 769 4306
F: 205 769 4331
emoltz@thompsoncoburn.com

24

John S. Kingston (*pro hac vice* pending)
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, MO 63101
P: 314 552 6464
F: 314 552 7000
jkingston@thompsoncoburn.com

*Counsel for New American Funding, LLC*

*/s/ Stephen M. Medlock*
Stephen M. Medlock
Adam L. Hudes
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W.
Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
Fax: (202) 639-6604
smedlock@velaw.com
ahudes@velaw.com

Michael W. Scarborough
**VINSON & ELKINS LLP**
555 Mission Street
Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786
mscarborough@velaw.com

Nicole L. Castle
**VINSON & ELKINS LLP**
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 237-0000
Fax: (212) 237-0100
ncastle@velaw.com

Jessalyn Zeigler
**BASS, BERRY & SIMS PLC**
21 Platform Way South
Suite 3500
Nashville, TN 37203

25

Tel: (615) 742-6289
jzeigler@bassberry.com

*Counsel for Optimal Blue, LLC and Constellation Software, Inc.*


*/s/ Aliki Sofis*
Aliki Sofis (*pro hac vice*)
Eric D. Wolkoff (*pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100
alikisofis@quinnemanuel.com
ericwolkoff@quinnemanuel.com

*/s/ Michael D. Bonanno*
Michael D. Bonanno (*pro hac vice*)
Ingrid Jernudd (*pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
555 13th Street NW, Suite 600
Washington, DC 20005
(202) 538-8225
mikebonanno@quinnemanuel.com
ingridjernudd@quinnemanuel.com

*/s/ Andrew Gardella*
Andrew Gardella, Esq. (TN BPR #27247)
**MARTIN, TATE, MORROW & MARSTON, P.C.**
315 Deaderick Street, Suite 1550
Nashville, TN 37238
T: (615) 627-0668
F: (615) 627-0669
agardella@martintate.com

*Counsel for PennyMac Loan Services, LLC*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and accurate copy of the foregoing was filed on April 9, 2026, via the CM/ECF system, which will be served to all counsel of record on the case.

*/s/ Tricia R. Herzfeld*
Tricia Herzfeld