# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| SETH OGILVIE and NANCI DONACKI-THOMPSON, individually and on behalf of all others similarly situated,<br><br>   **Plaintiffs,**<br><br>   v.<br><br>OPTIMAL BLUE, LLC; BLACK KNIGHT, INC.; CONSTELLATION SOFTWARE, INC.; GUARANTEED RATE INC.; CROSSCOUNTRY MORTGAGE, LLC; PENNYMAC LOAN SERVICES, LLC; NEW AMERICAN FUNDING, LLC; CMG MORTGAGE, INC.; CHURCHILL MORTGAGE CORPORATION; FIRST COMMUNITY MORTGAGE, INC.; MOVEMENT MORTGAGE, LLC; and BEELINE LOANS, INC.,<br><br>   **Defendants.** | Case No. 3:25-cv-01140<br><br>District Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Jeffery S. Frensley |

## DEFENDANT BLACK KNIGHT, INC.'S REPLY IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In order to state a claim against Black Knight, Inc. ("Black Knight"), Plaintiffs must allege facts establishing either that Black Knight itself undertook actions that would violate the antitrust laws or that would justify piercing the corporate veil to hold Black Knight responsible for the actions of its former corporate subsidiary, Optimal Blue. The Complaint contains no allegations that would meet either requirement, as Plaintiffs implicitly acknowledge by seeking to introduce through their Opposition a plethora of so-called evidence regarding Black Knight.

1

But Plaintiffs cannot amend their Complaint through their Opposition; and, even if they could, the purported "evidence" they attach does not support their claims that Black Knight either participated in the alleged conspiracy, or so dominated and controlled Optimal Blue that it is appropriate to disregard the corporate form. Black Knight should be dismissed.

## I.     PLAINTIFFS CANNOT AMEND THEIR COMPLAINT THROUGH THEIR OPPOSITION.

The sole allegation in the FAC purporting to establish a basis for Plaintiffs' claims against Black Knight is that "Black Knight controlled the operations of Optimal Blue, including executive compensation, and considered Optimal Blue and Black Knight to be 'one company.'" FAC ¶ 25. That allegation is plainly insufficient to state a claim against Black Knight. Mot. at 6-10. Plaintiffs attempt to remedy that deficiency by adding allegations (and attaching various materials) in their Opposition, including that Black Knight supposedly approved Optimal Blue's CEO, that Black Knight board members served on Optimal Blue's board, and that Black Knight cross-sold Optimal Blue products. Opp. 2–4. *See* Declaration of Kyle Pozan in Support of Plaintiffs' Opposition, ECF No. 292 ("Pozan Dec."). This is improper.

Plaintiffs cannot "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); *see also Doe by & through Doe v. Currey Ingram Acad.*, 721 F. Supp. 3d 682, 690 (M.D. Tenn. 2024). Plaintiffs' authorities do not suggest otherwise. Opp. at 1, n.1. Those cases simply outline the categories of materials courts may consider on a Rule 12(b)(6) motion. They do not stand for the proposition that Plaintiffs may add new conduct allegations in their Opposition, or rely on new information that was not previously incorporated into the FAC, in contravention of applicable law. *Bates*, 958 F.3d at 483. The Court must assess on this Motion whether the allegations *in the FAC* are sufficient to

2

state a claim against Black Knight. Plaintiffs' attempt to amend the FAC (*see* Opp. at 10)[1] through their Opposition is an implicit acknowledgement that those allegations are insufficient. Black Knight should be dismissed.

## II. PLAINTIFFS' NEW "EVIDENCE" DOES NOT CHANGE THE RESULT: THEY CANNOT STATE A CLAIM AGAINST BLACK KNIGHT.

As an initial matter, Plaintiffs do not even attempt to establish that Black Knight itself took independent actions to join the conspiracy Plaintiffs allege or that would violate the antitrust laws. They claim that Black Knight is "liable because of its *own* conduct" (Opp. at 6) but only—through a bit of linguistic gymnastics—by virtue of Plaintiffs' claim that Black Knight and its separately incorporated former subsidiary, Optimal Blue, operated "as part of a single enterprise." Opp. at 10. In other words, Plaintiffs argue that they have stated a claim against Black Knight because (a) Optimal Blue participated in Plaintiffs' alleged conspiracy and (b) Black Knight and Optimal Blue operated as a "single enterprise" during the period that Black Knight owned Optimal Blue. The "evidence" Plaintiffs cite does not support their assertions and does not meet the standard for disregarding the corporate form to hold a parent responsible for the conduct of its separately incorporated subsidiary.

Plaintiffs assert that Black Knight "approved of" Optimal Blue's CEO, implying that Black Knight was somehow responsible for appointing him in that role. Opp. at 9. But Optimal Blue's CEO prior to Black Knight's acquisition remained its CEO after the acquisition. *See* Pozan Dec. ¶ 9, Ex. 7, at 11. Plaintiffs further claim that Black Knight's board members served on the board of Optimal Blue (Opp. at 9), but the cited materials only explain that two non-

---

[1] Plaintiffs' request to amend their complaint should be denied because it is procedurally deficient. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). If the Court is inclined to consider an amendment, Plaintiffs should be required to file a proper motion attaching its proposed amended complaint.

employee directors of Black Knight formerly served on the board of Optimal Blue in their capacity as managing directors for another firm (a previous financial owner of Optimal Blue). *Id*. ¶ 8, Ex. 6, at 16, 29–30. These issues are indicative of Plaintiffs' misrepresentations of various facts throughout their Opposition.

Moreover, even if their misstatements were accurate (they are not), the alleged conduct falls far short of what Plaintiffs' claim are comparable cases. Opp. at 9–10. In *In re RealPage, Inc., Rental Software Antitrust Litig. (No. II)*, 709 F. Supp. 3d 469, 476 (M.D. Tenn. 2023) *("RealPage A")*, plaintiffs alleged that parent Thoma Bravo "selected the new CEO and COO [of RealPage] and made one of its Managing Partners the Chairman of RealPage's Board." There are no such allegations here, where Optimal Blue's CEO prior to Black Knight's acquisition continued in that position after Black Knight acquired the company. *See* Pozan Dec. ¶ 9, Ex. 7, at 11. At best, Plaintiffs cite complimentary statements about Optimal Blue's CEO by Black Knight representatives, a far cry from evidence that Black Knight had any role whatsoever in placing him in that role. *Id*.

*Jones v. Varsity Brands, LLC*, 618 F.Supp.3d 713 (W.D. Tenn. 2022), also cited by Plaintiffs, is inapposite because the relevant issue in that case was whether Plaintiffs adequately pleaded the parent's involvement in an alleged *monopolization claim*. There, allegations that the parent provided the "necessary funding for [subsidiary Varsity] to enhance, extend, and ensure [their] monopoly power as Varsity acquired [its] biggest rivals," was sufficiently independent conduct because those actions formed the basis of the monopoly allegations at issue in that case. *Id*. at 724. *Jones* does not support Plaintiffs' claim that Black Knight's ownership of Optimal Blue serves as independent conduct in furtherance of the alleged price fixing conspiracy; moreover, Plaintiffs do not even allege that Black Knight funded Optimal Blue's acquisitions or

4

controlled any relevant rule-making body, as was alleged in *Jones*. *Arandell Corp. v. Centerpoint Energy Services, Inc.*, 900 F.3d 623 (2018) is also inapposite. Opp. at 5-6, 10. There, the Ninth Circuit examined whether a *parent*'s role in an alleged anticompetitive conspiracy could extend to a wholly owned subsidiary that "engages in coordinated activity in furtherance of the anticompetitive scheme of its parent." *Id*. at 632. Plaintiffs are attempting to do the opposite here, which is to hold a *parent* responsible for its *subsidiary's* alleged participation in an anticompetitive conspiracy. The *Arandell* analysis of "coordinated activity" between a parent and subsidiary is, thus, irrelevant. Moreover, Plaintiffs fail to allege any "coordinated activity" by Black Knight in support of the alleged conspiracy, other than conclusory allegations of corporate ownership. Opp. at 6 (citing FAC ¶ 25).

Plaintiffs claim that Black Knight conducted due diligence before its acquisition of Optimal Blue, cross-sold Optimal Blue products, and integrated Optimal Blue products with Black Knight products as evidence of their independent participation in the alleged conspiracy. Opp. at 9–10. None of these allegations demonstrate the kind of parent company involvement that would support piercing the corporate veil and imputing any liability by Optimal Blue to Black Knight. *See* Mot. at 6-10. And they also do not establish that Black Knight took any independent action in further of the alleged conspiracy, such as originating mortgages, setting mortgage prices, selling mortgages, exchanging competitively sensitive mortgage-pricing information, or passing any mortgage overcharge to borrowers, the actual conduct that formed the basis of the alleged conspiracy.

## I.      Conclusion

For the foregoing reasons, Black Knight respectfully requests that the Court dismiss all of Plaintiffs' claims against it with prejudice.

5

Dated: July 16, 2026

Respectfully submitted,

*/s/J. Clayton Everett, Jr.*
J. Clayton Everett, Jr. (Admitted pro hac vice)
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
(202) 739-5860
clay.everett@morganlewis.com

Michelle Park Chiu (Admitted pro hac vice)
**Morgan, Lewis & Bockius LLP**
600 Montgomery Street, Suite 2300
San Francisco, CA 94111-2725
(415) 442-1184
michelle.chiu@morganlewis.com

*/s/Andrew J. Pulliam*
Andrew J. Pulliam (TN Bar No. 016863)
**BRICKER GRAYDON WYATT, LLP**
333 Commerce Street, Suite 830
Nashville, TN 37201-1826
(615) 251-6675
apulliam@bricker.com

*Counsel for Defendant Black Knight, Inc.*

6

## CERTIFICATE OF SERVICE

I, Andrew J. Pulliam, hereby certify that on July 16, 2026, I caused the foregoing Reply in Support of Black Knight's 12(b)(6) Motion to Dismiss for Failure to State a Claim to be electronically filed using the CM/ECF system, which will serve the foregoing Memorandum upon all counsel of record via electronic mail.

/s/Andrew J. Pulliam
Andrew J. Pulliam

7

110095871v1