**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SETH OGILVIE, individually and on behalf of others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:25-cv-1140** |
| | ) | **Judge Crenshaw/Frensley** |
| **OPTIMAL BLUE, LLC, ET AL.,** | ) | **Jury Demand** |
| **Defendants.** | ) | **Consolidated Class Action** |

**ORDER**

Pending before the Court in the Parties' Joint Motion to Enter Orders and Resolve Dispute. Docket No. 297. Specifically, the Parties ask that the Court enter their proposed protective order and resolve a dispute concerning the manner in which to address inadvertently produced documents later determined by the producing party to be privileged. The Parties have stipulated to most of the terms of the proposed protective order but disagree as to whether a receiving party may use the contents of a document clawed back as privileged to challenge the privilege asserted by the producing party. For the reasons set forth herein, the Court adopts the Defendants' proposed text regarding the clawback provision.

The Parties' dispute concerns the procedures set forth in Paragraph 12(b)(v) of the proposed protective order. Docket No. 297-4. Plaintiffs' proposal would allow the receiving party to "use the content of the clawed back document for the sole purpose of challenging the clawback." Id. The Defendants' proposal would not allow the receiving party to use the substance of any disclosed privileged material for any clawback challenge or other purpose without consent of the producing party. Id.

The Parties note that there is no controlling authority on the issue in this district or circuit. They cite several cases in other jurisdictions that have addressed the issue of whether or under

what circumstances a party may use the contents of a document clawed back as privileged to challenge the asserted privilege. Docket No. 297-1. The Parties further note the intersection of the Rules of Professional Responsibility from the various jurisdictions in relation to the resolution to the issue. Id.

Clawback provisions are essentially safe harbors to avoid punishing a party for an inadvertent disclosure. The purpose of such provisions is to facilitate the production of discovery in an expeditious manner while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in discovery. *See,* Federal Rule of Evidence 502. Allowing the receiving party to utilize inadvertently disclosed information would both defeat the purpose of the clawback provision and potentially delay production as many of producing parties would likely take even longer to make the production for fear of waiver. Thus, adopting Plaintiffs' approach would potentially create further delay in advancing the litigation, completing document production and drive discovery costs up. Apart from the policy considerations regarding the efficient conduct of discovery, the Plaintiffs' proposal would also work a substantive prejudice on the producing party in the context of privileged documents.

If a document is withheld from discovery subject to a claim of privilege, the receiving party is not entitled to examine the document as part of its challenge to the privilege claim. Based on the inadvertent production however, Plaintiffs' proposal would eliminate that substantive protection of the privilege in relation to inadvertently disclosed documents. The producing party should not be forced to effectively give up the privilege merely because of the inadvertent disclosure. While it is impossible to unring the bell that the receiving party has actually seen the document, it is an altogether different matter to allow them to then rely on that information to challenge the assertion of the privilege. The procedure for the Court determining whether the privilege applies can and

should be applied equally to contested documents whether they were withheld on the grounds of privilege or clawed back based on privilege after an inadvertent disclosure. The exercise of the clawback does not preclude the receiving party from challenging the designation and allows for that challenge to be resolved in the same manner which it would be for any other disputed document including by in camera review. In the typical circumstance envisioned by the clawback provision, the Court sees no reason to treat the determination of privilege differently based upon an inadvertent disclosure rather than an initial claim of privilege.

For the reasons set forth herein, the Motion to Enter Orders and Resolve Dispute (Docket No. 297) is **GRANTED.** The Court will enter the proposed protective order including Defendants' language regarding the provision on clawback of inadvertent disclosure.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**