**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| SETH OGILVIE and NANCI DONACKI-THOMPSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPTIMAL BLUE, LLC; BLACK KNIGHT, INC.; CONSTELLATION SOFTWARE, INC.; GUARANTEED RATE, INC.; CROSSCOUNTRY MORTGAGE, LLC; PENNYMAC LOAN SERVICES, LLC; GUILD MORTGAGE COMPANY, LLC; NEW AMERICAN FUNDING, LLC; CHURCHILL MORTGAGE CORPORATION; FIRST COMMUNITY MORTGAGE, INC; MOVEMENT MORTGAGE, LLC; AND BEELINE LOANS, INC.<br><br>Defendants. | Case No. 3:25-cv-01140<br><br>JURY TRIAL DEMAND<br><br>District Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Jeffery S. Frensley |

**JOINT STIPULATION AND ORDER**
**REGARDING EXPERT DISCOVERY**

Plaintiffs and Defendants (collectively, the "Parties", and each individually, a "Party") in the above-captioned case (the "Action"),[1] through their respective counsel of record, stipulate to the following regarding the scope of expert discovery in the Action, subject to approval by the Court.

1. This Joint Stipulation and Order Regarding Expert Discovery (the "Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure

[1] This Joint Stipulation Regarding Expert Discovery is intended to apply to and shall govern the Parties in the above-captioned case, whether they currently are involved or become so in the future.

26(a)(2)(B) or the timing of any deadlines set forth in any operative scheduling orders entered in this Action.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with experts and to minimize disputes regarding the same. Neither the terms of this Stipulation, nor the Parties' agreement to them, shall be considered an admission by any Party that any information restricted from discovery by this Stipulation exists or would otherwise be discoverable or admissible.

3. For the purposes of this Action, the Parties will make all disclosures required by Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4), provided, however, that the term "considered" as used in Federal Rules of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon."

4. Except as provided in Paragraphs 5 and 6 below, the following types of information shall not be the subject of any form of discovery, including depositions, in this Action, and the Parties shall not be obligated to preserve or produce such information in any form or to include such information on any privilege log:

a. all written or oral communications or other materials shared among or between:

i. a Party (including the Party's employees, agents, consultants, and counsel, and their employees, staff, or agents) and any testifying or non-testifying expert consultant (including their assistants, staff, agents, and/or supporting firms).

ii. any testifying or non-testifying expert consultant (including his or her assistants, staff, agents, and/or supporting firms) and any other testifying or non-testifying expert consultant (including his or her assistants, staff, agents, and/or supporting firms); and

iii. any testifying or non-testifying expert consultant and his or her assistants, staff, agents, and/or supporting firms;

b. all work performed by non-testifying experts or consultants (including their assistants, staff, agents, and/or supporting firms);

c. all work product performed by or at the direction of a Party's outside counsel as it relates to the expert including, but not limited to: (i) the selection or retention of experts or consultants (including notes or communications regarding same); (ii) the preparation of the expert's report; and (iii) the preparation of a testifying expert to give deposition or trial testimony in connection with this Action (including notes or preparation materials regarding same);

d. any preliminary or non-final work done or prepared by, for, or at the direction of any testifying or non-testifying expert consultant or his or her staff in connection with this Action, including but not limited to: analyses, calculations, comments, computations, data runs, draft affidavits, draft declarations, draft opinions, draft reports, exhibits, interviews, modeling, notes, schedules, studies, work papers, written testimony, or copies of materials produced in this Action; and


Case 3:25-cv-01140 Document 315 Filed 11/16/26 Page 3 of 9 PageID #: 2821

e. any budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations, except that an expert may be asked reasonable questions regarding and shall disclose (i) the hourly rates and compensation of the testifying expert and their staff; (ii) the amount of time the testifying expert and their staff spent on the report(s) and associated work; and (iii) the amount of money the testifying expert and their staff billed for the report(s) and associated work. For the avoidance of doubt, invoices submitted by testifying or non-testifying experts or consultants shall not be discoverable.

5. The limitations contained in Paragraph 4 shall not apply to any communications, interviews, notes, materials, documents, data sets, data runs, calculations, computations, assumptions, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions in this Action, whether expressed in reports, affidavits, declarations, or testimony. To the extent a testifying expert relies on an assumption provided by counsel, the assumption—but not the communication(s) among counsel, the expert, and/or their respective staff concerning that assumption—must be disclosed.

6. Within three (3) business days of serving an expert report, affidavit, or declaration pursuant to Rule 26(a)(2)(B) or otherwise, the Party or Parties proffering the testifying expert shall produce the facts, data, and/or other information the testifying expert relied on in forming their opinions, including but not limited to:

a. copies of the data, materials, and/or other information relied upon by the testifying expert in forming his or her opinions, including all raw and final

electronic data sets and electronic data compilations in the form or format used by the testifying expert;

b. the input, programs (excluding software addressed in Paragraph 7), and output underlying all final calculations (including any intermediary steps for those calculations) that the testifying expert relied on in forming their opinions and/or that are needed to replicate or reproduce the expert's disclosed tables, figures, calculations, and/or reported results, including the underlying raw and final data, spreadsheets, computerized regression analyses, and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert is relying for their opinions in this Action;

c. any information (including, but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the testifying expert that is based on the output from any computer programs that are produced;

d. any programs that are not commonly available and are necessary for recreating any computerized models, analyses, or spreadsheets;

   i. If any program, model, or data file is generated using a non-commercially available program or the file format is not readily ascertainable, the producing party shall identify the program used to generate and/or run the subject program, model, or data file, and provide timely and reasonable instructions for the purposes of replication or analysis of disclosed results.

ii. If, despite reasonable efforts, the receiving party cannot practically obtain the software needed to run the subject program, model, or data file, the producing party shall work with the receiving party and use its best efforts to facilitate the receiving party's access to the necessary software. However, the parties are not required to produce any programs, data, documents, or materials that would require the producing party to infringe upon a license or to otherwise procure a license for the receiving party. If data, documents, or materials relied on by an expert witness is subject to a license, the producing party will identify all such data, documents, or materials and provide the licensor's contact information within three (3) business days.

e. the expert's qualifications, including a list of all publications authored in the previous ten (10) years; and

f. a list of all other cases in which, during the previous four (4) years, the expert testified as an expert at trial or by deposition.

7. The information required to be produced by Paragraph 6 shall be produced electronically (via email, FTP site, or similar mechanism), where reasonably feasible, to: (1) counsel for each Defendant; and (2) counsel for Plaintiffs. If, however, the information required to be produced by Paragraph 6 must be, because of its size, produced via hard drive, then one copy shall be delivered via express courier to the address provided by counsel for the other side (i.e., one copy for all Plaintiffs and one copy for all Defendants). Materials sent via hard drive must be delivered no later than the third business day after the corresponding expert report, affidavit, or declaration pursuant to Rule 26(a)(2)(B) or otherwise was served. Data, statistical analyses, and

other information (including any calculation or exhibit) upon which a testifying expert relies for any of his or her opinion(s) in this Action, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the testifying expert shall be provided in machine-readable format, along with all computer programs and instructions that are necessary to replicate the data used by the expert or recreate the expert's computerized models, analyses, or spreadsheets. However, no Party need produce computer software or instructions that are reasonably and commercially available (e.g., Microsoft Word, Excel, STATA, SAS). Materials that are publicly available shall be identified by website, title, and date, or by a working URL where the materials can be accessed or obtained. Materials that were previously produced in this Action need not be produced but must be identified by Bates number. Deposition transcripts and exhibits from this Action need not be reproduced so long as the names of deponents, dates of transcripts, and exhibit numbers relied upon are identified.

8. Paragraph 6 is not intended to and does not limit the ability of any Party to prepare and use demonstrative exhibits that may relate to an expert's testimony during the course of any hearing, trial, or other proceeding in this Action, provided that any facts, data, opinions, or other information underlying such demonstrative exhibits has been disclosed in accordance with this Stipulation. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

9. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report, affidavit, or declaration is provided. Instead, the Party proffering such testifying expert will be responsible for (a) producing all materials and information relied on by the testifying expert as outlined in this Stipulation, and (b) making the testifying expert available

for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

10. Nothing in this Stipulation shall permit any Party or testifying expert to withhold, including during a deposition, any proposition, assumption, fact, belief, or other data, information, or material on which the expert relies in support of their opinions in this Action, or to prevent substantive questions about same, including with respect to any data or other non-privileged information that may be relevant the substance of the testifying expert's opinion(s). This includes, but is not limited to, questions about (i) theories, methodologies, approaches, yardsticks, benchmarks, variables, data, facts, or assumptions that an expert relied on in forming their opinions; (ii) the assumptions or facts, if any, that the Party's counsel provided and that the expert relied upon in forming his or her opinions; or (iii) potential alternative analyses, methodologies, or approaches to issues on which an expert is testifying, provided that such discovery does not seek information prohibited from discovery as outlined in Paragraph 4(f).

11. Nothing in Paragraph 9 or 10 permits questions concerning the wording or contents of any drafts of a testifying expert's reports, affidavits, declarations, written testimony, opinions, work papers, or other written materials prepared in connection with this Action, or preliminary work, calculations, computations, modeling, or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert by consultants, counsel, other testifying experts, and/or staff, as set forth in Paragraph 4 above.

12. Nothing in this Stipulation shall limit or waive any Party's right to object to the admission of any Party's expert testimony into evidence or the qualification of any person to serve as an expert.

13. The Parties agree to comply with this Stipulation pending the Court's approval.

Consistent with the above, the Parties respectfully request that the Court enter this Stipulation as an Order.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**